# CHARLESTON.

## STATE v. IRWIN et al.

Submitted January 14, 1902.   Decided March 15, 1902.

1. FORMER ADJUDICATION—*Parties and Privies.*
     Points once adjudicated by a final decree cannot again be put
   in issue between the same parties or their privies in the same
   or another suit, unless it be by a direct attack on such final
   decree through appeal or other legal method.   (p. 195).

2. FORFEITED LANDS—*Purchaser—Title—Decrees.*
     A person who buys the title of the State to forfeited lands
   at a judicial sale is bound by the final decrees entered in the
   suit in which such sale is had, prior to the confirmation thereof,
   as though he were a party to such suit.   (p. 196).

Appeal from Circuit Court, Logan County.

Action by the State against Jesse R Irwin and others. From the decree, W. H. Stoddard and Amos C. Hall, appeal.

*Affirmed.*

J. B. WILIKINSON, J. B. ELLISON, and McWHORTER & LOWENSTEIN, for appellants.

CAMPBELL, HOLT & DUNCAN, for appellees.

DENT, PRESIDENT:

W. H. Stoddard and Amos C. Hall appeal from a final decree in favor of Millard McDonald and Bruce McDonald rendered by the circuit court of Logan County on the 30th day of October, 1899, in the chancery cause of the *State of West Virginia* v. *Jesse R. Irwin et al.*

The State of West Virginia instituted suit to sell a certain tract of land containing twenty thousand acres forfeited for the non-payment of taxes due thereon for the year 1893 in the names of Alvin Irwin and Maria E. Hoyt, and also forfeited for the year 1894, for non-payment of taxes due thereon in the name of Emma J. Pomeroy. The cause was referred to J. E. Peck, Sr., commissioner of the court, for the purpose of ascertaining the amount of taxes due, in whose name the land was forfeited, and who was the present owner thereof. The commissioner returned his report showing that for the year 1886 the land was returned delinquent in the name of Jesse R. Irwin, was sold for taxes and purchased by the State. In 1892 it was restored to the land books with four years back taxes and interest which was paid. In 1893 Jesse Irwin, Harris Hoyt, Maria Hoyt, Alvin Irwin and Maria Irwin deeded the twenty thousand acres to Emma J. Pomeroy. It was returned delinquent for 1893 in the name of Alvin Irwin and Maria Hoyt. In 1894 and 1895 it was returned delinquent in the name of Emma Pomeroy, and in 1896 it was dropped from the land books of Logan County. The commissioner further reported that "Millard McDonald and Bruce McDonald filed with him a deed from Jesse R. Irwin *et als.* for certain black walnut and other trees, also their tax receipt for eight hundred and ninety trees, paid to the sheriff of Logan County for 1897, and four years back taxes thereon, and gave as his opinion that said Mc-

Donalds' remedy as to the trees was by redemption. McDonalds excepted to this report in so far as it held their title to the trees forfeited. The court struck out such exception on motion of the state and confirmed the report, and held that the title to the land at the date of its forfeiture was in Alvin Irwin and Maria Hoyt, and such title was superior to all other claimants and that Jesse R. Irwin, grantee of Alvin Irwin and Emma J. Pomeroy were entitled to any excess which the lands may be sold for over and above the taxes, interest and costs, and directed a sale of the land. The court also permitted the McDonalds to file their petition claiming title to the timber before mentioned and recommitted the cause to the commissioner to ascertain and report with regard to the claim of said McDonalds. The commissioner reported that the McDonalds had good title for all the timber set out in their deed from Harris Hoyt and others except that the land was forfeited for non-payment of taxes, 1886, and to make their title good McDonalds should redeem the land from such forfeiture. The McDonalds excepted to such report in so far as it declared a forfeiture of the land for the taxes of 1886. On the 3d day of August, 1898, the court entered a decree sustaining such exception and adjudged, ordered and decreed that the title to the timber mentioned in their petition be confirmed to said McDonalds. McDonalds on the 18th day of October filed their amended petition, through fear that their former petition did not cover all the timber included in their deed, although such deed was exhibited with and made a part thereof, covering all the timber included in their deed, and on which they had paid the taxes from the year 1893, when they purchased, up until the date of filing their petition. On the same day the land was sold by the commissioner appointed for the purpose to Stoddard and Hall, appellants. In the decree confirming the sale entered on the 3d day of November, 1898, the rights of McDonalds to the timber was reserved and the cause was again referred to the commissioner with directions to report what title if any said McDonalds have to said timber and the source and character of such title. Stoddard and Hall, purchasers of the land under such decree filed their petition claiming such timber under their purchase and attacking McDonalds' title because, the land was forfeited for the taxes of 1886, 1887, 1893, 1894, that Irwins and Hoyts had no title when they deeded the timber to McDonalds, that Jesse

R. Irwin had not a proper power of attorney from Mrs. Hoyt, and that the title for one-half of the land was in C. F. Thomas and one-fourth in Wm. C. Jones, and had never been on the land books in their names, and that if McDonalds were entitled to the timber they had already cut and removed in excess of their claim. The matter was again referred to the same commissioner, and he reported that the McDonalds were entitled to seven hundred and ninety trees by virtue of their deed, payment of taxes and the former orders and decrees of the court in this cause. Stoddard and Hall excepted to the report for the various reasons aforesaid and for the further reason that "The commissioner attempts to find that the court adjudicated the title of Bruce and Millard McDonald to the timber claimed by Stoddard and Hall at a former term of this Court, while the records and evidence shows that such adjudication, if any there was, has no reference whatever to the timber claimed by Stoddard and Hall in their petition; they were not parties at that time, nor was there any evidence before the court of their title or of the defects of the McDonalds' title to the said timber." Stoddard and Hall have simply stepped into the shoes of the State, and are as fully governed and bound by the former adjudication in the cause as the State would be, and even more so, if possible, for the reason that they purchased at the judicial sale with full notice of these adjudications and the claim of McDonalds to this timber. As between the State and McDonalds the court had already determined that the timber was not subject to the forfeiture of 1886 or 1887, or any other year; Alvin Irwin and Maria Hoyt had title to the land when forfeited, that Jessie R. Irwin and Emma J. Pomeroy were entitled to any excess of proceeds of sale over taxes, and that McDonalds by virtue of the deed and payment of taxes had good title to the timber included in their deed. These adjudications were made and accepted by the State prior to a sale of the land and Stoddard and Hall purchased subject thereto. There is no question that the decree of August 3, 1898, fully settled as between the State and McDonalds the title to all the timber covered by and included in their deed. They, however, filed their amended petition, not for the purpose of disturbing such former adjudication, but for the purpose of extending the same to cover all the timber included in their deed. By the decree the validity of the deed and the title to the property included therein had

been passed upon and determined and became *res adjudicata* as between the parties and their privies, and could not be readjudicated except by appeal. Stoddard and Hall when they purchased had notice of and were bound by these adjudications, and were enabled to purchase the property for a less price by reason thereof. Having done so, without asking to have the sale set aside, as they purchased the land for one-half the back taxes due thereon, they want all the former adjudications reviewed and set aside, and that they be permitted to take the timber under their purchase, which had already been virtually adjudicated to be the property of others. "Either party plaintiff or defendant is estopped from alleging in a suit at common law or in chancery anything inconsistent with any point which has been before adjudicated by a court of either common law or chancery of competent jurisdiction." *Poole* v. *Dilworth, et al.,* 26 W. Va. 583. "A point once adjudicated by a court of competent jurisdiction, however erroneous the adjudication, may be relied on as an estoppel in any subsequent collateral suit in the same or in any other court at law, or in equity, when either party or his privies allege anything inconsistent with it and that too when the subsequent suit is upon the same or different cause of action." *McCoy* v. *McCoy,* 29 W. Va. 794. The separate petitions of McDonalds may be considered equivalent to two separate suits on different causes of action. The validity of the deed and McDonalds' title to the timber was adjudicated in the first and became *res adjudicata.* Stoddard and Hall being privy to the State and having purchased its title with full knowledge of such adjudication are estopped from again putting the questions thus settled in issue, although they may have been settled erroneously.

The decree complained of is affirmed.

*Affirmed.*