# CARLESTON.

## KELLEY v. DEARMAN.

Submitted March 30, 1906.    Decided January 26, 1909.

1. HUSBAND AND WIFE—*Conveyances Between.*
    A conveyance of land by a wife to her husband is void and
    passes no title. (p. 50.)

2. TAXATION—*Assessment.*
    Assessment of taxes in the name of a grantee, though his deed
    be void, saves the land from forfeiture for non-assessment in
    the grantor's name. (p. 50.)

Error to Circuit Court, Roane County.

Action by Mary T. Kelley against L. F. Dearman. Judgment
for plaintiff, and defendant brings error.

*Affirmed.*

J. M. HARPER, for plaintiff in error.

WALTER PENDLETON, for defendant in error.

BRANNON, JUDGE:

Mary T. Kelley, 27th, January, 1896, conveyed to D. L. Kel-
ley, her husband, a tract of forty acres of land in Roane county.
D. L. Kelley conveyed the land to Oscar Kelley, and he conveyed
the land to Dearman. Mary T. Kelley brought an action of
ejectment against Dearman to recover the land, and on trial of

the case by the court in place of a jury judgment of recovery of the land was rendered in favor of Mrs. Kelley, and Dearman has appealed to this Court.

The deed from Mrs. Kelley to her husband is void, because a deed from wife to husband is void and passes no title. *Smith v. Vineyard,* 58 W. Va. 98; *Mullins v. Shrewsbury,* 60 *Id.* 694. The defendant seeks to defend the action on the ground that after the conveyance by Mrs. Kelley to her husband the land was not charged with taxes in Mrs. Kelley's name for five years at least, and was therefore forfeited for omission, under principles stated in *Simpson v. Edmiston,* 23 W. Va. 675, holding that where land is sold for taxes and omitted from the tax books for five years in the name of the former owner it is forfeited, though the land be charged and taxes paid in the name of the tax-purchaser, as in this case. The claim is made that Mrs. Kelley has no title to support ejectment, and *Davis v. Living,* 50 W. Va. 431, is cited, to show that one who has lost title by forfeiture can not support ejectment. A question is made whether the evidence in this case shows the omission of taxes in Mrs. Kelley's name; but that seems immaterial. If there was not such omission, there was no forfeiture, and Mrs. Kelley is entitled to recover, as her deed to her husband passed no title. On the other hand, if we say that there was such omission from the tax books, still there is no forfeiture, because the payment of taxes by Oscar Kelley would prevent a forfeiture for omission in the name of Mrs. Kelley, under principles several times stated in this Court. *Sturm v. Fleming,* 26 W. Va. 54, and discussed at large in a recent opinion by JUDGE POFFEN-BARGER in *State v. West Branch,* decided in December last; *Bradley v. Stewart,* 18 W. Va. 598; *Hall v. Hall,* 27 *Id.* 468; *Lohr v. Miller,* 12 Grat. 452. The defence insists that there is no privity between Mrs. Kelley and Dearman; that they claim in hostility to each other. It is true they do claim, so far as claim is concerned, oppositely; but they claim the very same land under the very same title. It is not a new and different title like that in *Simpson v. Edmiston,* a former owner and a tax-purchaser; but Dearman claims derivatively from Mrs. Kelley, the very same land for which she sued and under the same title, not a different, hostile title. It is a conflicting claim between them to the same thing under the same title. It is a

plain case of privity in estate as to the same land, as the cases cited will show. It is a privity between grantor and grantee. No matter that the deed of Mrs. Kelley is void. It is one of successive ownership of the same land and title. That does not alter the fact that Dearman claims under and through Mrs. Kelley. Dearman claims that having paid taxes he gets Mrs. Kelley's right by transfer of her forfeited title to him under the Constitution; but that proposition requires us to say that her title was forfeited, whereas we say it was not, and he cannot so get title.

We therefore affirm the judgment.

*Affirmed.*