## CHARLESTON

CUSTER *et ux v.* HALL *et al.*

Submitted February 28, 1911. Decided October 22, 1912.

1. DESCENT AND DISTRIBUTION—*Estoppel—Persons Entitled to Shares—Estoppel by Record.*

    The husband joins his wife in a deed conveying, in fee, her undivided interest in a tract of land, and joins in a covenant warranting generally the title thereto; the deed is void as to the wife because of her defective acknowledgment, and she dies, in 1871, intestate and without issue, leaving her husband.

HELD:

    I.   That, under the statute then in force, the husband was her sole heir.

    II.  The husband is estopped by his covenant, to claim title to such interest, and the effect of the estoppel is to invest the grantee with his title. (p. 121).

2.  JUDGMENT—*Conclusiveness—Matters Concluded—Title to Land.*

    An adjudication of the title to a particular tract of land, or an undivided interest therein, is *res judicata,* between the same parties and their privies, upon the title to another tract of land, claimed adversely by them, in the same manner and under the same chain of conveyances. (p. 122).

3.  SAME—*Persons Concluded—Joint Tenants.*

    A decree denying relief and dismissing plaintiff's bill, in a partition suit wherein adverse title is involved, is an adjudication, not only against plaintiff's title, but also against those whom he alleges to be his joint tenants under the same title with himself, and who are served with process and fail to appear. (p. 123).

4.  LIFE ESTATES—*Adverse Possession by Life Tenant.*

    Possession by the life tenant is not adverse to the remaindermen. (p. 126).

5.  ADVERSE POSSESSION—*Elements—Color of Title.*

    Mere naked possession, without color or claim, will not ripen into good title. (p. 126).

6.  TENANCY IN COMMON—*Mutual Rights of Tenants—Adeverse Possession.*

    Possession by one joint tenant, who asserts entire ownership, will not become adverse to his co-tenant until he has knowledge, actual or constructive, of such claim. (p. 126).

7.  ADVERSE POSSESSION—*Possession by Tenant—Attornment to Third Person.*

    Attornment by a tenant in possession, with knowledge of his lessor who takes no steps to regain possession, is sufficient to break the continuity of possession and stop the running of the statute. (p. 127).

8.  QUIETING TITLE—*Right of Action—Undivided Interest.*

    A party out of possession, having complete equitable title to certain undivided interests in land and a right to the legal title thereto, may maintain a bill in equity, against the party in possession claiming adversely to him, to obtain the legal title and to remove such adverse claim as a cloud upon it. (p. 128).

9.  EQUITY—*Pleading—Prayer for Relief.*

    Under the prayer for general relief, the court should grant

such relief as the plaintiff's cause entitles him to, not inconsistent with the prayer for specific relief. (p. 129).

10.   SAME—*Jurisdiction—Retention to Give Complete Relief.*
      Equity, having jurisdiction of a cause for one purpose, will generally give complete relief by determining all the issues involved, thus avoiding a multiplicity of suits. (p. 129).

11.   TAXATION—*Forfeitures—Sufficiency of Payment of Taxes.*
      Payment of taxes by one of two adverse claimants of land, both claiming title mediately from the same original owner, will prevent a forfeiture of the title to the state. (p. 130).

Appeal from Circuit Court, Fayette County.

Bill in equity by Ellen R. Custer and husband against M. J. Hall and others. From a decree for defendants, plaintiffs appeal.

*Reversed and Remanded.*

*C. R. Summerfield* and *C. W. Dillon,* for appellants.

*A. P. Farley,* for appellees.

WILLIAMS, JUDGE:

This suit was instituted July 31, 1900, to have certain deeds cancelled as clouds on plaintiffs title to a tract of 390 acres of land; to get in the legal title to four undivided sixths thereof to which plaintiff claims to have the complete equity; to enjoin defendants from cutting timber and for general relief. On final hearing the court held that the case was not one for equitable relief, and, dismissed plaintiff's bill, but without prejudice.

The plaintiff Ellen R. Custer and the defendant M. J. Hall, wife of A. J. Hall, each claims to be the true owner of the land, both claiming title from the heirs of Levi Lively, deceased, as a common source. Levi Lively died in the sixties, seized of a tract of 2,500 acres, leaving a widow Adeline, who thereafter intermarried with one John Hurt, and six children; viz.: Margaret A., who intermarried with Isaac Fisher; Harriet E., who intermarried with William Stinnett; Isabella, who intermarried with Benjamin Smith; Henry W.; Joseph W.; and James W., the last named four being then infants. The tract of land in dispute was assigned to the widow as her dower. Both parties claim to have purchased and to have owned her life estate; and it appears from the evidence that, during the latter part of the seventies and nearly all of the eighties, plain-

tiff was in possession by tenants, and that, in 1888, defendants got possession and have held it ever since. But the claim to the widow's life estate, and possession thereunder, are immaterial now, since she died July 21, 1889, whereupon all estate derived from her ended.

Plaintiff claims one undivided sixth of the land by deed dated 23rd December, 1870, from Harriet E. Stinnett (nee Lively) and her husband. But, because of the defective acknowledgment of the wife, the deed does not operate as a conveyance by her. *Central Land Co.* v. *Laidley*, 32 W. Va. 134. It appears, however, that Harriet E. ·Stinnett died, intestate and without issue, in April or May, 1871; and, as the law then was, her husband was her sole heir. Code 1868, ch. 78, sec. 1; *Ried* v. *Stuart*, 13 W. Va. 338. The deed recites a consideration of $550.00, and warrants generally "all their right, title and interest" in the lands of which Levi Lively died seized, and states the interest granted to be one undivided sixth. The covenant of warranty is good as to the husband, and estops him to claim title; and operates to vest title in S. R. Custer. 3 Wash. Real Prop., sec. 1927; *Irvin* v. *Stover*, 67 W. Va. 356; *Buford* v. *Adair*, 43 W. Va. 211; *Mitchell* v. *Petty*, 2 W. Va. 470. In fact, the only evidence that William Stinnett ever afterwards claimed the land against his deed, is his joining as one of the grantors in a deed by H. W. Lively and a number of others to J. E. Hall in 1898, only two years before this suit.

Plaintiff claims another undivided sixth by deeds as follows: (a) deed from Margaret A. Fisher (nee Lively) and husband, to Mildred S. Brazie, made December 26, 1870'; and (b) deed from Mildred S. Brazie and H. W. Brazie, her husband, to plaintiff, dated 9th January, 1871. But Mrs. Fisher's deed is void because it was made when she was an infant. Her deed to Mrs. Brazie, and the Stinnett deed to S. R. Custer, respectively, purport to convey the one-sixth in the whole 2,500 acre tract. After the death of Margaret A. Fisher, Lewis Tuggle, guardian for her two minor children, Mary Alice and Eliza Jane, brought a suit to sell a tract of 199 acres, being Lot No. 4, a part of the 2,500 acres, which had been partitioned to their mother as one of the heirs of Levi Lively, on the ground that a sale of the same would be beneficial to their interests.

Ellen R. Custer was a party defendant to that proceeding, and filed her answer claiming Margaret A. Fisher's one-sixth in the whole 2,500 acres, by virtue of the deed from her and her husband to Mrs. Brazie. The cause was referred to a commissioner to ascertain and make report to court of certain facts, among them, the age of Margaret A. Fisher at the time she and her husband conveyed her interest in the land to Mrs. Brazie. The commissioner reported that neither she nor her husband were then twenty-one years old. The decree made in that cause, 3rd of March, 1884, recites that there were no exceptions to the report, confirms it, and finds that Isaac A. Fisher and Margaret A. Fisher his wife were not competent, at that time, to make a deed; and decreed the two infant children, Mary Alice Fisher and Eliza Jane Fisher, to be the owners of the 199 acres, subject to their father's life estate, and directed a sale of it for their benefit. A copy of the proceedings in that suit is made a part of the record in this. That decree was an adjudication of the Fisher title against Ellen R. Custer, not only as to the 199 acre tract, but also as to the dower tract of 390 acres not directly involved. Because her claim of title to the two tracts is by the same deeds, and her present adverse claimants of the Margaret Fisher interest in the dower tract claim as privies in estate to Mrs. Fisher. Consequently, Mrs. Custer's claim to that one-sixth is *res judicata*. *Preston* v. *Harvey*, 2 H. & M. 55 ; 3 Va. & W. Va. Dig. p. 5667 ; *Western Mining & Mfg. Co.* v. *Virginia Cannel Coal Co.*, 10 W. Va. 250 ; *State* v. *Irwin*, 51 W. Va. 192.

But the principle also applies with equal force against the defendant M. J. Hall, so far as it relates to the claim of any part of the Margaret A. Fisher one-sixth, by virtue of the deed from her and her husband to L. D. Fisher, made on the 16th January, 1871, for the reason that L. D. Fisher, who was Mrs. M. J. Hall's remote grantor, was a party to that proceeding, and claimed the Margaret A. Fisher interest under that deed which the court therein held to be void, for the same reason that it held void the deed to Mrs. Brazie which was made only a month or so before. That decree was rendered in 1884, and was not appealed from.

The other four-sixths plaintiff claims by purchase under

judicial sale made in a similar guardian's suit brought in 1872, by P. J. Lawrence, guardian for Isabella Lively, Henry W. Lively, Joseph W. Lively and James W. Lively, infant children of Levi Lively, deceased, for the purpose of selling the interests in remainder of his wards, in the 390 acre dower tract. Their interests were sold, and purchased by S. R. Custer, on the 5th October, 1872, at the price of $500.00; and the sale was confirmed by decree made on the 21st November, 1872. No commissioner was appointed to make deed, and there has been no conveyance to plaintiff for those four-sixths. But it is insisted that that proceeding was void for irregularity, that no answers were filed by the guardian *ad litem,* and none by the infants who were over fourteen years old, as the statute requires. But the decree of sale recites the filing of such answers and the hearing of the cause, upon the pleadings, and upon depositions duly taken. That recital in the decree is sufficient evidence of the filing of proper answers, in the absence of proper proof to the contrary. *Moore* v. *Green,* 90 Va. 181; *Jones* v. *Crim & Peck,* 66 W. Va. 301; *White* v. *White,* 66 W. Va., p. 82 opinion. But in addition to that recital, the regularity of that proceeding was judicially determined in another suit brought in October, 1891, by James W. Lively, one of the heirs of Levi Lively, against his co-heirs and S. R. Custer, for partition of the very land now in dispute. The bill alleged the land to be then owned in the following proportion, viz.: James W. Lively, Joseph W. Lively and Henry W. Lively, each a one-sixth; Alice Fisher and Eliza Jane Fisher, heirs at law of Margaret Fisher, one-sixth; John H. Smith and Buren Smith, heirs at law of Ellen Smith, deceased, one-sixth; and S. R. Custer one-sixth by virtue of a deed from Harriet E. Stinnett (nee Lively) and her husband. S. R. Custer answered, claiming to be the owner of the whole of said tract, and vouched the record in the aforesaid proceeding. Two or three amended bills were filed, each of which was answered by S. R. Custer and Ellen R. Custer; many dispositions were taken; the suit was hotly contested; and on the 5th of March, 1895, a final decree was made denying relief to plaintiff, and dismissing his bill. That was a final decree, an adjudication against plaintiff's title or right to possession; and no appeal was taken. It was an

adjudication, not only against the plaintiff, but also against those defendants whom he alleged to be his co-tenants and who were served with process, and failed to answer and contest their claims with Custer. They should have litigated any claim they then had to the land, in that partition suit; and not having done so, they are forever precluded from asserting any right to it which they then had. *Shenandoah Valley R. R. Co.* v. *Griffith,* 76 Va. 913; *Sayer's Adm'r.* v. *Harpold,* 33 W. Va. 553; *Ohio R. R. R. Co.* v. *Johnson,* 50 W. Va. 499; *Davis* v. *Settle,* 43 W. Va. 17.

On May 5, 1874, S. R. Custer conveyed the 390 acres, together with other property not involved, to William B. Buster, and he, on the same day, conveyed it to Ellen R. Custer, wife of S. R. Custer.

Defendant claims title by the following deeds, viz.: (1.) Deed from Margaret A. Fisher and husband for one undivided sixth of the lands of Levi Lively, deceased, made 16th January 1871. But we have before said that this deed was held to be void. (2). Deed made in 1880 by Adeline Hurt to Virginia Fisher (wife of L. D. Fisher) for Mrs. Hurt's life estate in the 390 acres. (3). Deed from L. D. Fisher and wife to J. E. Hall, dated January 30, 1888. This deed, however, conveys only the life estate of Adeline Hurt, and expressly stipulates that the grantee shall, on her death, deliver possession to her "heirs or assigns." (4). (a) Deed from Mary A. Humphreys (nee Fisher) and husband, October 23, 1891, to L. D. Fisher, for one-half of one-sixth, or one twelfth undivided interest in the 390 acres, dower tract. Mrs. Humphreys appears to be one of the two children of Margaret A. Fisher, (nee Lively). (b) Deed from L. D. Fisher to J. E. Hall, dated March 4, 1892, for the aforesaid one-twelfth, and also the interest which, the deed recites, said Fisher had purchased of Isaac Fisher, the husband of Margaret A. Fisher. But the only conveyance appearing in the record from Isaac Fisher to L. D. Fisher is the one made in 1871, which was declared by the court to be void as to both husband wife. Isaac Fisher is not a party to this suit, and it does not appear whether or not, if living, he admits the claim of defendants. However, the greatest interest that he could possibly have, would be a life

estate, by the curtesy, in the one-sixth. (5). Deed to J. E. Hall, dated 3rd March, 1898, from H. W. Lively, Joseph W. Lively, William Stinnett, Mary A. Humphreys and husband, John H. Smith and Buren Smith, for all their respective interests in the 390 acres. This deed operated to convey nothing, because the grantors had nothing to convey. The two Smiths claimed as heirs of Isabella Smith, deceased, (nee Lively), and her interest was sold when she was an infant, and was purchased by S. R. Custer along with the interests of the three Livelys. Stinnett was estopped by his covenant of warranty, to claim title, as before explained. Mary A. Humphreys and her husband had already conveyed to L. D. Fisher, and he, in turn, to J. E. Hall, their undivided one-twelfth. (6). Deed, dated 12th Feburuary, 1900, from James W. Lively and wife and J. E. Hall and wife to the defendant, M. J. Hall. James W. Lively had nothing to convey, and J. E. Hall, as we have before said, had legal title to the Humphrey's one undivided twelfth only.

Defendants have been in possession since 1888, and claim that their possession has ripened into a good title. But possession during the life of the widow was consistent with the rights of the remaindermen, and could not become adverse during her life, and since her death, in July 1889, possession has been without color, or claim of title. Possession that will ripen into title must be under color or claim of title. *Parkersburg Ind. Co.* v. *Schultz,* 43 W. Va. 470; *Hudson* v. *Putney,* 14 W. Va. 561. Defendants claim that the deed from L. D. Fisher, made in 1888, is color. But that deed does not purport to convey more than Adeline Hurt's life estate, and under it J. E. Hall never claimed more. It could not constitute color to a greater estate than it purports to convey. But it seems that J. E. Hall has good title to one undivided twelfth, by deed from L. D. Fisher, in March, 1892, which was less than ten years before this suit was brought. This would constitute J. E. Hall and Mrs. Custer joint tenants, the former owning one-twelfth, and the latter five-sixths, to four of which sixths she has only an equitable title. Each joint tenant had a right to possesssion; and the possession of one joint tenant is generally the possession of both. Possession by a joint tenant does not become adverse to

his co-tenant until knowledge of the hostile claim is brought home to him, either directly, or by such visible acts as will amount to the assertion of an exclusive right. *Parker* v. *Brast,* 45 W. Va. 399; *Justice* v. *Lawson,* 46 W. Va. 163; *Cooey* v. *Porter,* 22 W. Va. 120; 23 Cyc. 492. But this suit was brought in less than ten years after J. E. Hall acquired the one-twelfth, in fee. He did not claim title to the whole of the land until a short time before this suit was brought; and he took deed from most of the Lively heirs as late as 1898, only two years before suit. Mere naked possession, without claim of right, however long continued will not ripen into title. *Yellow Poplar Lumber Co.* v. *Thompson's Heirs,* 108 Va. 612, 62 S. E. 358.

The partition suit brought by James W. Lively in 1891, was pending for nearly four years before final decree. The bill in that suit averred the interests claimed by the Lively heirs; it did not recognize J. E. Hall as entitled to any share or interest in the land whatever. A. J. Hall, the father of J. E. Hall, was then on the land, and testified in that case. He says he claimed possession under his son, and that his son claimed under the deed from L. D. Fisher, the life estate of Isaac Fisher in one-sixth, and the interest of one of Margaret A. Fisher's children in the half of said one-sixth. This testimony was given after the death of the widow. It proves that J. E. Hall did not claim the entire land under the L. D. Fisher deed, but that he recognized the claim of others under whom he did not claim until they made deeds to him. Hence, Hall's possession was a mere naked possession, for many years, without color, or even claim, of title.

At the time of the first conveyance to J. E. Hall he was a young unmarried man, living with his father; he afterwards married a granddaughter of Levi Lively, and then lived on a piece of the Lively land, adjoining the dower tract, and his father lived on the latter tract free of rent. The father and son both gave their depositions in the present suit, and it appears that they were both fully aware of the tangled condition of the title, and of plaintiffs claim of ownership. In fact, the land has been in almost constant dispute ever since the death of the widow Lively. Hall's possession, not being under color, or

claim of title, in fee, to more than one-twelfth, could not ripen into a title, in fee, to the whole.

Morever, it appears that, for a part of the time, and within a period of ten years next previous to the bringing of this suit, A. J. Hall occupied the land as tenant of plaintiff. That fact is established as follows: The land was publicly let, for a period of five years, under decree of the circuit court of Kanawha county, as Custer's land, to pay his debts, in a suit against him by his creditors, and was leased by J. W. Montgomery at the price of $700.00; and he sublet it to A. J. Hall at $110.00 a year. There is conflict of testimony between Mr. Montgomery and A. J. Hall as to whether or not the contract was reduced to writing, and also as to the terms of it, Mr. Hall claiming that it was on condition that Montgomery would agree to protect him against the other claimants of the land, and Montgomery denying such condition. But the condition is not material, because there is always an implied covenant for possession in every lease for a term of years. *Knotts v. McGregor,* 47 W. Va. 566. The agreement to lease, whether with or without conditions, is the important question; because it negatives adverse claim to the land by Hall's son, by whose permission the father was then occupying the land. J. E. Hall knew of the agreement, and made no effort to gain possession from his father who had attorned to Montgomery. Rent becoming due under this lease, for one or two years, was collected by distraint; and a suit was brought before a justice for some more of the rent, and a judgment was rendered against A. J. Hall; and an appeal was taken to the circuit court, which apparently has not yet been disposed of.

The leasing of the land from Montgomery, who had leased it at the judicial letting, as Custer's land, and the collection of the rent by legal process, was sufficient to break the continuity of defendants' possession and prevent the ripening of his claim into a good title, even if he had been theretofore asserting an adverse claim to the whole of the land.

Does the case call for equitable relief? Generally speaking, only he who has the legal title and is in possession can maintain a suit to remove cloud. If he has not legal title, there is nothing to be beclouded; and if he has legal title, and is out of

possession, his remedy by ejectment is adequate and complete. *Logan's Heirs* v. *Ward*, 58 W. Va. 366; *Whitehouse* v. *Jones*, 60 W. Va. 680; *Iguano Land &c. Co.* v. *Jones*, 65 W. Va. 59; *Wallace* v. *Elm Grove Coal Co.*, 58 W. Va. 449; *Poling* v. *Poling*, 61 W. Va. 78. In the present case, however, plaintiff has legal title to one undivided sixth only, and is not in possession. Hence, if her suit presented no other ground for relief than the removal of cloud from her legal title to that one-sixth, her suit would necessarily fail. But her bill prays for other, and purely equitable, relief, it asks for the conveyance to her of the legal title to four-sixths. We have already ascertained that she is the complete equitable owner of the undivided four-sixths, and both the legal and equitable owner of one-sixth, the Stinnett interest. Her right to have conveyance of legal title to the four undivided sixths is sufficient to support her bill; and, clearly, she should not have been dismissed without any relief whatever. *Nuzum* v. *Morris*, 25 W. Va. 559; *Waldren* v. *Harvey*, 54 W. Va. 608. Notwithstanding the decree dismissed her bill without prejudice, it, nevertheless, amounted to a practical denial of all relief. Because, being without legal title, she could not maintain ejectment for the four-sixths. One of the purposes of the bill is to get in the legal title; this relief is especially prayed for, and it is perfectly consistent with the other prayers in the bill. Even if she had not specifically prayed for a conveyance of the legal title, she would have been entitled to it under the prayer for general relief. Any relief, to which plaintiff proves himself entitled, and which is not inconsistent with the specific relief asked, should be granted under the prayer for general relief. 5 Ency. Dig. 133, and cases there cited. And, having jurisdiction for one purpose, the court had the power to grant complete relief, in order to prevent circuity of action and a multiplicity of suits. 8 Ency. Dig. 869. 1 *Id.* 171. "Where removal of cloud from title is merely incidental to the primary relief sought, or the plaintiff has no remedy at law, neither legal title nor possession is necessary to maintain his suit." *Swick* v. *Rease*, 62 W. Va. 557; 4 Pom. Eq. (3rd ed.) sec. 1399; 6 A. & E. E. L. 159, and cases cited in note; *Branch* v. *Mitchell*, 24 Ark. 431; *King* v. *Carpen-*

*ter,* 37 Mich. 363; *Stout* v. *Duncan,* 87 Ind. 383; *Hernstreet* v. *Burdick,* 90 Ill. 444.

The primary purpose of this suit was to determine the true ownership of the land; and, in view of her situation, plaintiff was compelled to resort to equity. Incidental to a determination of her right to a conveyance of the legal title, it was necessary to pass upon the claim of title asserted by defendants; and the determination of title in this suit is conclusive on the parties. Seeing that plaintiff is the absolute owner of one-sixth, and the complete equitable owner of four-sixths, undivided interests in the land, and that she has a right to a deed for the four-sixths, equity will not stop by providing for a conveyance of the legal title only, and then relegate her to a court of law, to obtain possession by ejectment. All the questions that could arise in ejectment, have been litigated in this suit. The same matters once in issue between parties, and fairly and judicially determined, is a final adjucation of them, whether in law or equity. Before determinating that plaintiff is entitled to a deed for the four-sixths of the land, it is necessary to determine that her equity is complete; and, in order to ascertain the completeness of her equity, it is necessary to determine that defendants' claim of title is unfounded; and her right to a deed gives right to the possession of the land conveyed thereby. To grant her a deed, and then send her to a court of law to obtain possession would be a needless circuity of remedy, for all matters in difference having been determined by this suit, no defense could be made to an action of ejectment; such a suit would be only a matter of form.

There has been no forfeiture to the state of plaintiff's title. Both plaintiff and defendants claim title to the land from the heirs of Levi Lively; and the payment of taxes by the Halls has prevented a forfeiture of the title. *Blake* v. *O'Neal,* 63 W. Va. 483; *Kelly* v. *Dearman,* 65 W. Va. 49; *State* v. *Allen,* 65 W. Va. 335. Furthermore, we have ascertained that Mrs. M. J. Hall is the owner of, at least, one undivided twelfth of the land; that constitutes her and Mrs. Custer joint tenants; and the payment of taxes by one joint tenant enures to the benefit of all the others.

It does not appear that Eliza J. Fisher has parted with her title to the one undivided twelfth interest in the 390 acres.

The decree of the circuit court of Fayette county, pronounced on the 15th of December, 1904, will be reversed, and the cause remanded for further proceedings to be had therein, according to the principles herein announced, and further according to the rules and principles governing courts of equity.

*Reversed and Remanded.*