## CHARLESTON.

OMER CANTERBERRY *v.* J. L. MILLER.

Submitted October 23, 1923.  Decided November 13, 1923.

1. VENDOR AND PURCHASER—*Vendor's Lien May be Enforced Under Prayer for General Relief.*

   In a suit brought by the vendor against the vendee to specifically enforce· a contract for the sale of real estate, if it appears that the vendor has executed and delivered to .the vendee a deed, conveying the property and retaining a vendor's lien to secure the deferred purchase price, the court may, under the plaintiff's prayer for general relief, decree enforcement of the vendor's lien.  (p. 4).

2. PARTIES—*One Holding Only Uncertain and Indefinite Equity not "Necessary Party."*

   A person whose reputed equity in the land is indicated only by uncertain and indefinite evidence is not a necessary party to such suit.  (p. 5).

Appeal from Circuit Court, Monroe County.

Suit by Omer Canterberry against J. L. Miller.  From a decree for plaintiff, defendant appeals.

*Affirmed.*

*R. L. Clark,* for appellant.
*J. L. Rowan,* for appellee.

LITZ, JUDGE:

The defendant appeals from a final decree entered by the circuit court of Monroe county, November 14, 1922, directing sale of 76 acres of land to pay $1353.00, the alleged residue of purchase money due plaintiff from defendant.

Plaintiff's bill alleges that by contract in writing of November 17, 1919, he sold to defendant the 76 acres of land, situated in Monroe county, for $4,025.00; $25.00 cash in hand, and the balance to be paid as follows: $900.00 upon execution and delivery of deed conveying the property to defendant; $1000.00 one year, and $1000.00 two years, from that date; and the balance, $1100.00, to be applied by defendant in discharge of plaintiff's obligation for that amount to Virginian Joint Stock Land Bank of Charleston.

The bill further alleges that on January 26, 1920, plaintiff executed, and delivered to one W. O. Woodson, the required deed, to be held by him in escrow until payment of the $900.00 and execution and delivery by defendant of two notes for $1000.00 each, evidencing the two one thousand dollars installments, payable in one and two years, respectively; that from the making of the contract on November 17, 1919, the defendant has held continuous possession of the land, and paid of the purchase price, including the debt of $1100.00 to Virginian Joint Stock Land Bank, the sum of $2767.00, but has never executed notes for the deferred payments; that notwithstanding defendant's failure in this respect, he "in some way obtained the deed from W. O. Woodson," and placed it on record. This deed contains a vendor's lien securing the payment of the deferred purchase price.

The bill prays that the defendant be compelled on his part to perform and comply with the contract; that he be required to execute to plaintiff note for the last purchase price installment of $1000.00, and to pay plaintiff the amount due under the contract.

Defendant demurred to the bill on the grounds that plaintiff has an adequate remedy at law and that equity jurisdiction could be invoked, if at all, only for the purpose of enforcing the vendor's lien. His answer avers that the contract, as written and executed, did not, on account of mutual mis-

take, correctly set forth the agreement of the parties; that the agreement in fact included the 76 acres, which was then owned by plaintiff, and an adjacent tract of 20 acres belonging to his step-daughter, Edith Mann; that the entire consideration for the two tracts was $3700.00, $2700.00 being for the 76 acres, and $1000.00 for the 20 acres; that he had paid the entire purchase price for the 76 acres of land, and obtained possession of the deed from Woodson with plaintiff's consent.

Following is the contract as written and relied on by plaintiff:

"Ballard, W. Va., Nov. 17, 1919.

"This agreement made and entered into this 17th day of November, 1919, by and between Omer Canterberry, party of the first part and J. L. Miller, party of the second part, both of the county of Monroe and state of West Virginia.

"WITNESSETH: That for and in consideration of the sum of twenty-five dollars cash in hand paid by the party of the second part unto the party of the first part, the receipt of which is hereby acknowledged and the further payment of Nine Hundred in cash and also two notes each of $1000.00 payable in one and two years from date (said cash to be paid and said notes to be dated upon the date of the delivery to the party of the second part of a good and sufficient deed to the party of the first part by the party of the second part), the party of the first part has this day sold unto the party of the second part all his right, title and interest in and to his land consisting of about 76 acres be the same more or less, lying near Ballard, W. Va., and adjoining the lands of E. B. Crotshin, J. G. Dunn, O. B. P. Ellison and others.

"It is also hereby understood and agreed that the party of the second part is to assume a loan due by the party of the first part to the Virginian Joint Stock Land Bank, of Charleston, W. Va., of the amount of about $1100.00, be the same more or less.

"Witness our hands and seals this day and date above written.

"OMER CANTERBERRY

"J. L. MILLER."

Witnesses: W. O. WOODSON."

The defendant testified that he bought both tracts for $3700.00, paying $2700.00 for the 76 acres and $1000.00 for the 20 acres; that the 20-acre tract was omitted from the formal contract at the request of plaintiff, but he (defendant) suggested that an untrue consideration be set forth in the writing. In this connection defendant states:

> "Mr. Canterberry asked me to leave the 20 acres out of the contract and that he would give me another piece of writing that I was to have the 20 acres; and we didn't have a contract, just called a couple of witnesses. I just suggested to Mr. Canterberry we would make the consideration $4000.00, that was what he asked for the land in the first place. I just suggested that. I paid him some cash down that day. I didn't think it would make any difference in the consideration for the deed."

The plaintiff denies that the contract was other than recorded by the writing. The scrivener, W. O. Woodson, says that he prepared it as directed by both parties, then present. It is admitted that plaintiff never acquired title to the 20 acres until February, 1921, more than one year after the contract; besides, defendant's claim that he bought the 20 acres and 76 acres together is overthrown by the fact that after plaintiff had acquired the 20 acres, defendant and one, W. P. Lowry, entered into a written contract with him on March 14, 1921, to purchase this tract. Moreover, the defendant accepted the deed, containing a vendor's lien for deferred payments, when, as he claims, the purchase price had been fully paid.

Without further reviewing the testimony, we are of opinion that the circuit court was well warranted in concluding that the writing embraced the entire contract of the parties.

But upon the theory that there has been legal delivery of the deed conveying title to defendants, and that the contract has been fully executed except as to payment by defendant of the deferred purchase money, which can be enforced in an action at law, the defendant contends that a court of equity is without jurisdiction. The defendant testified that the deed was delivered to him by Woodson under plaintiff's instruction; and in this he is corroborated by Woodson. The plaintiff

denies that he authorized Woodson to do so except upon the defendant's execution and delivery of the two notes, evidencing the deferred purchase money installments. It is unimportant, however, that the legal title has become vested in the defendant by delivery of the deed. In that event equity has jurisdiction, under plaintiff's prayer for general relief, to enforce the vendor's lien securing the deferred purchase money balance, all of which has become due and payable. Under the prayer for general relief, the court should grant such relief as the plaintiff's cause entitles him to, not inconsistent with the prayer for specific relief. *Taylor* v. *Taylor,* 76 W. Va. 469; *Stewart* v. *Tenant,* 52 W. Va. 559; *Waldron* v. *Harvey,* 54 W. Va., 608; *Custer* v. *Hall,* 71 W. Va. 119.

It is also insisted that the Virginian Joint Stock Land Company should have been made a party as having a lien on the property for its claim assumed by defendant. This debt is not mentioned in the pleadings as a lien upon the property; and the only evidence to this effect is that of defendant. But he does not state that the supposed lien is of record, nor in what manner or when it was created. This evidence is too uncertain and indefinite. *National Bank* v. *McGraw,* 85 W. Va. 298. Besides, defendant says the obligation has been discharged. The question was not raised in the circuit court.

The decree of the circuit court, appealed from, will be affirmed.

*Affirmed.*