# CHARLESTON.

DORA E. RAMSBURG *et al:, Plaintiffs Below, Appellees, v.* J. D. JONES *et al., Defendants Below,* J. D. JONES *et al., Appellants*

(No. 5969)

Submitted November 15, 1927.　Decided November 22, 1927.

1. TAXATION—*Payment of Taxes Under Assessment to Heirs to Inure to Benefit of Heir Allotted Land, Who Did Not Pay Taxes Under Assessment to Him (Code, c. 31, § 39).*

Where, by partition, land has been allotted to one of the heirs of the estate, which land continues to be assessed for taxes on the land books to the heirs (not naming them individually), and all taxes have been paid thereon under such assessment, such payment will inure to the benefit of the heir to whom the land has been allotted and save it from delinquency and sale, although the same land has also been assessed for taxes in the name of that heir for the same time and the taxes under that assessment have not been paid.　(p. 499.)
(Taxation, 37 Cyc. p. 1152.)

2. SAME—*One Payment of Taxes Under Either of Two Assessments for Any Year is all State Can Require.*

"In case of two assessments of the same land, under the same claim of title, for any year, one payment of taxes, under

. either assessment, is all the state can require." (2nd pt. Syl. *State* v. *Allen*, 65 W. Va. 335.)   (p. 502.)

(Taxation, 37 Cyc. p. 1169.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Gilmer County.

Suit by Dora E. Ramsburg and others against J. D. Jones and others. From a decree removing, as clouds on plaintiffs' title, a tax deed and lease dependent thereon, defendant J. D. Jones and others appeal.

*Affirmed.*

*R. F. Kidd* and *J. D. Jones* and *Poffenbarger, Blue & Dayton*, for appellants.

*B. W. Craddock* and *F. P. Moats*, for appellees.

LIVELY, JUDGE:

Defendants, Jones et als., appeal from a decree removing as clouds upon plaintiffs' title, a tax deed and lease dependent thereon.

On September 23, 1893, in the partition suit of Despard and others against G. D. Camden and others, in Harrison County, there was allotted to John J. Davis and Thomas B. Camden, as trustees for the heirs of G. D. Camden, among whom was Dora E. Ramsburg (one of the plaintiffs), a number of tracts of land, including a tract in Gilmer County containing thirty-six acres and designated as lot No. 5. This decree of partition was duly recorded by the county clerk of Gilmer County, October 28, 1893. In 1895 the trustees conveyed to the beneficiaries of the trust the property so decreed to them.

On July 5, 1898, in the partition suit of Parr and others against Martha M. Summers and Dora E. Ramsburg, in the Circuit Court of Lewis County, there was allotted to the last named defendant, in severalty, lot No. 11, containing thirty-five acres. It is agreed that this was the same tract of land as lot No. 5 mentioned above. This partition decree was never recorded in Gilmer County clerk's office.

In 1900, lot No. 11 was charged to Dora E. Ramsburg upon the land books of Gilmer County, with the notation, "From G. D. Camden's heirs." In 1906, Dora E. Ramsburg conveyed lot No. 11 and other property to Camden et al., trustees. This lot continued to be assessed to her from 1900, to and including the year 1909, when it was returned delinquent in her name. And in 1911, it was sold for taxes by the sheriff of Gilmer County to the defendants, Jones and McQuain, and a tax deed was executed to them on November 28, 1913.

In 1898 the same tract of land was placed upon the land books of Gilmer County in the name of G. D. Camden heirs, but in this entry it was described as lot No. 5, containing thirty-six acres. This assessment was continued up to and including 1906, in which year the property was returned delinquent in the name of the Camden heirs, and was purchased by the State. From 1907, to and including 1909, the same tract was listed on the land books in the name of the State, but it was redeemed from the Auditor on November 2, 1909. In 1910 it was again assessed in the name of G. D. Camden heirs, with the notation, "Back taxes from 1906 $10.11 Redeemed from Auditor 1910." The land continued to be so assessed until the present time. In the final decree of the lower court it was stated that counsel agreed "that the tax bill of 1910, including the $10.33 alleged back taxes of 1907-8-9, were paid to the sheriff of Gilmer County."

The controlling question upon this appeal is whether the payment of taxes on lot No. 5, assessed in the name of the Camden heirs, inured to the benefit of Dora E. Ramsburg, and prevented forfeiture of the same property charged to her on the land books as lot No. 11, in 1909, in view of Section 39, Chapter 31, Code. Had there been no assessment in the name of Dora E. Ramsburg, the payment of taxes by the Camden heirs would have prevented forfeiture of the tract held by her in severalty, for, "Taxation of land in the name of a former owner prevents forfeiture of the title thereto, for non-entry thereof for taxation, as to the owner of the title under which the same was so taxed." *Blake* v. *O'Neal,* 63 W. Va. 483, 496. And reason would seem to dictate that in

a case of double assessment like the instant one, payment of the taxes by the former owner should operate to prevent forfeiture. The object of the statute (Sec. 39, Chap. 31, Code) is to compel the payment of taxes, and if the State receives payment thereof from one who is in privity of estate with the present owner, the State's lien for taxes is discharged, and a sale to enforce it is void. *Blake* v. *O'Neal, supra; Kelley* v. *Dearman,* 65 W. Va. 49; *State* v. *Allen,* 65 W. Va. 335; 37 Cyc. 1169; Vol. 3 Cooley on Taxation (4th ed.), Sec. 1258 and Sec. 1260; 26 R. C. L., Sec. 359, page 400. There is a privity of estate between the Camden heirs and Dora E. Ramsburg holding lot No. 11 in severalty. Moreover, before Dora E. Ramsburg received this tract in severalty free from the claims of her co-tenants, she, as did each of the Camden heirs, had one entire interest in the whole of her ancestor's property. The partition deed gave her a portion of the entire property in severalty, but as heir of G. D. Camden she already had an interest, which by the partition deed was simply confirmed to her as part of the allotted tract. The assessment of this lot in the name of the Camden heirs was as to her still descriptive of that interest which she had in the Camden estate as an heir. And this being true, such assessment was as to Dora E. Ramsburg's interest a sufficient one, and the payment of the taxes thereunder would inure to her benefit as the owner of the property in severalty.

In arriving at our conclusion in this case we have assumed that the taxes on lot No. 5 were paid by persons entitled to make payment thereof. According to the record, the taxes were paid on lot No. 5 for the year 1909 and preceding years, and in the absence of evidence to the contrary it will be presumed that payment was made by one entitled to do so. 37 Cyc. 1173; Vol. 3 Cooley on Taxation (4th ed.), Sec. 1257, page 2498.

Counsel for the tax deed purchasers, appellants, rely upon *Bailey* v. *McClaugherty,* 48 W. Va. 546, which held that where the land was on the land books and assessed to both the grantor and grantee and the latter failed to pay the taxes, their payment by the grantor would not inure to the benefit of the grantee so as to save the latter's title from sale. That

case is clearly distinguishable from this one. There the vendor or grantor Powell had paid the taxes, but having no title to or interest in the land was considered as a stranger, wherefore his payment would not protect the landowner, his grantee. In the case at bar Dora E. Ramsburg is an heir of Camden and not a vendee of Camden or of her co-heirs. She could not sell or convey to herself that part which she inherited from her father. The partition suit did not change her status as an heir.

Moreover, it is rather well settled that if one of two claimants under the same title, claiming adversely to the other, pays the taxes to protect the land from delinquency, that payment will inure to protect the title under which both claim from delinquency and sale. *Custer* v. *Hall,* 71 W. Va. 119; *Chilton* v. *White,* 72 W. Va. 545; *State* v. *Hines,* 103 W. Va. 180. The State cannot require two payments for the same title from persons in interest. *State* v. *Allen,* 65 W. Va. 335. So, if the land was placed for taxation on the land books by ''G. D. Camden's heirs'', claiming adversely to Dora E. Ramsburg, the payment of the taxes by either the Camden heirs or by plaintiff Ramsburg would save the land from sale for non-payment of taxes.

The decree of the lower court will be affirmed.

*Affirmed.*