## TYLER et al. v. HOUSTON OIL CO. et al.
### No. 3571.

Court of Civil Appeals of Texas. Beaumont.
Dec. 19, 1939.

Rehearing Denied Jan. 3, 1940.

Geo. E. Holland, of Beaumont, and John T. Lindsey, of Port Arthur, for appellants.

Williams, Lee, Sears & Kennerly, of Houston, for appellees.

WALKER, Chief Justice.

The action was in trespass to try title. Under their plea of ten year limitation, appellees claimed an interest of 160 acres of land in a tract of 575 acres out of the Wm. McFarland Lewis league in Newton county. Judgment in favor of appellants included only the actual enclosures. The jury returned an affirmative answer to the following question: "Question No. 1. Do you find from a preponderance of the evidence that the Defendant, Meredith (Hog) Tyler has had and held peaceable and adverse possession of any part of the five hundred and seventy-five (575) acre tract of land described in Plaintiffs' Original Petition in this cause, cultivating, using and enjoying the same continuously for any period of ten consecutive years prior to the filing of this suit on February 12th, 1938?"

By assignments of error and propositions appellants assert that, on the verdict of the jury, the judgment in their favor should have been for their claimed interest of 160 acres.

On the undisputed evidence, appellee owned the record title to the land and, during appellants' limitation period, was in possession of all of the 575 acres except appellants' enclosures, by and through its tenants.

This possession restricted appellants to their actual enclosures. Haynes v. Texas & N. O. R. R. Co., 51 Tex.Civ.App. 49, 111 S.W. 427, 428; Sutton v. Carabajal, 26 Tex. 497, 500; Evitts v. Roth, 61 Tex. 81, 84; Parker v. Baines, 65 Tex. 605, 608; Evans v. Houston Oil Co. of Texas, Tex.Civ.App. 211 S.W. 605; Id., Tex.Com.App., 231 S. W. 731; Furlow v. Kirby Lbr. Co., Tex. Civ.App., 53 S.W.2d 642; Powell Lumber Co. v. Medley, Tex.Civ.App., 127 S.W.2d 520.

Other parties were involved in the litigation, and other issues were adjudicated by the judgment, but appellants' brief puts in issue only the propositions discussed.

The judgment of the lower court is in all things affirmed.