CARTER et al. v. TOWNSEND et al.

No. 3605.

Court of Civil Appeals of Texas. Beaumont.

March 14, 1940.

Rehearing Denied April 10, 1940.

Coleman & Coleman, of Lufkin, for appellants.

W. J. Townsend, of Lufkin, for appellees.

WALKER, Chief Justice.

On the 7th day of October, 1938, appellants, Carrie B. Carter et al., filed this suit in the district court of Angelina county against appellees, H. J. Townsend et al., as an action in trespass to try title to 840 acres of land out of the Stanley league in Angelina county. Appellees answered by pleas of not guilty, and by pleading the several years statutes of limitation claimed by specific metes and bounds 160 acres of the land in controversy and a second tract of 19 acres; as to both these tracts, appellees plead that they constituted portions of the 840 acres described by metes and bounds by appellants in their petition. The case was tried to a jury on one single issue, which was answered in the affirmative.

"Special Issue No. 1.

"Do you find from a preponderance of the evidence that B. T. Townsend, and those under whom he claims, has been in continuous, actual, peaceable and adverse possession of the 160 acres of land in controversy as described in Defendants' answer using, cultivating or enjoying the same, for ten continuous and consecutive years next before the filing of this suit, to-wit: October 7, 1938?

"You will answer this 'yes' or 'no'."

On the verdict of the jury and the independent finding by the court that appellants owned the record title, judgment was entered in their favor for all of the 840 acres except the 160 acres claimed by appellees in their pleas of limitation, and the second tract of 19 acres. As to these two tracts, judgment was entered in favor of

appellees for the 160 acres on the verdict of the jury, and for the 19 acres on the following independent finding by the court: "In view of the fact, that the evidence adduced upon the trial of this case, disclosed that the 19 acres of land, more or less, hereinafter described, was outside of the boundaries, of the land sued for herein by the plaintiffs and was not a part thereof, it is the opinion of the Court that the said defendants, H. J. Townsend, Forrest Campbell and Fannie Campbell, ought to have judgment against the said plaintiffs for the title and possession of the said 19 acres of land."

We sustain appellants' assignment that the judgment of the lower court is without support in the record. (1) As to the 19 acres: The court found, and entered its judgment on that finding, that the 19 acres did not constitute a part of the 840 acres in controversy. Therefore, since appellees claimed the 19 acres as a part of the 840 acres, the judgment in favor of appellees for this tract of land is without support in the pleadings.

(2) The judgment in favor of appellees for the 160 acres is without support on the admitted facts. Appellees contended that they entered upon the 160 acres of land about 1926, and marked out the boundaries in 1927 as claimed in their answer, and fenced from 60 to 80 acres of the land during 1927. For the purpose of this opinion, we concede appellees' proposition that they were continuously in possession of their improvements, claiming, using, occupying and enjoying the 160 acres of land in all respects submitted to the jury by the special issue. But this conclusion does not support the judgment. In 1928 appellants, owning the record title to the 840 acres of land, sold the timber thereon to Jones and Parker, who entered upon the land in 1928, 1929, and 1930, and cut and removed the timber up to the boundaries of the 160 acres, as marked by appellees on the ground. Jones and Parker made no attempt to cut the timber on the 160 acres claimed by appellees, acquiescing in the claim to this timber asserted to them by appellees. The entry upon the 840 acres of land by Jones and Parker, claiming through appellants, and the cutting and removal by them of the timber from this land, constituted a re-entry by appellants and interrupted appellees' limitation claim to all portions of the 160 acres not under fence; that is to say, the re-entry by appellants through Jones and Parker restricted appellees to their enclosures. Tyler v. Houston Oil Co., Tex.Civ.App., 135 S.W.2d 307. Appellees concede this general proposition of law, but say that it has no application to this case. It is their proposition that the affirmative recognition of their title by Jones and Parker restricted the re-entry of appellants to the lines of the 160 acres of land as marked on the ground, excluding the 160 acres from appellants' re-entry. This proposition is denied. Jones and Parker held under appellants and bought from them all the timber on the 840 acres of land in controversy. Holding under appellants, they could not, simply on their own authority and without authority from appellants, make an admission prejudicial to appellants' title. The entry by Jones and Parker constituted a re-entry by appellants on all the 840 acres of land in controversy, not held under enclosures by appellees. Powell Lumber Co. v. Medley, Tex.Civ.App., 127 S.W.2d 520. The relation between appellants and Jones and Parker was, in its nature, that of landlord and tenant. The following proposition from 16 R.C.L. 654, is in point: "The attornment of a tenant to a stranger is, as a general rule, void unless it be made with the consent of the landlord, or pursuant to or in consequence of the judgment of a court of law or the order or decree of a court of equity, and will not enable the tenant to set up the title of such third person, in opposition to the title of his landlord. So where a tenant wrongfully attorns to a third person it is ineffectual in itself to render the continued possession adverse to the landlord, or to affect the continuity of the landlord's possession."

Appellees did not have 10 years' possession after the timber was cut and removed in 1930, prior to the filing of this suit in 1938.

There is no data in the record on which judgment can be entered for appellees for their enclosures as established and fixed upon the ground in 1927.

Judgment reversed and cause remanded for a new trial.