## WILLIAMS v. ORDER OF COMMERCIAL TRAVELERS OF AMERICA.

### No. 5271.

Circuit Court of Appeals, Sixth Circuit.

June 13, 1930.

J. M. Benton, of Winchester, Ky. (Benton & Davis, of Winchester, Ky., on the brief), for appellant.

B. R. Jouett, of Winchester, Ky. (E. W. Dillon, of Columbus, Ohio, and Herbert H. Moore, of Louisville, Ky., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

DENISON, Circuit Judge.

This is a second appeal. Upon the former appeal [11 F.(2d) 577], we determined the meaning of that clause of the policy upon which the case turned, and said that, from the facts as they had appeared without dispute upon the trial, a verdict for the defendant should have been directed. Upon the new trial, the testimony was substantially as upon the first, except that certain evidence supposed to support plaintiff's theory and which had been received upon the first was, upon the second, rejected. Plainly this did not make plaintiff's case any better; and the court directed a verdict for defendant.

Upon this appeal we are urged to certify to the Supreme Court the legal question as to the meaning and effect of this clause. We do not so certify a question of law unless it seems to us so difficult or doubtful that we feel the necessity of a Supreme Court decision (Cella v. Brown [C. C. A. 8] 144 F. 742, 765); and in this case we do not have any such doubt.

It is true that, upon the former trial, there was a special finding by the jury as to the intent of the burglarious entry, and now there is none; but the former opinion shows that the result did not turn on that finding. True, also that the true rule as to burden of proof was not particularly discussed; but it was necessarily involved in the conclusion that there should have been a directed verdict.

Our former decision is not the law of the case to such an extent as to deprive us of power to review the questions involved and reach another result (Chesapeake, etc., Co. v. McKell [C. C. A. 6] 209 F. 514, 516); but that power may not rightly be exercised except in a very clear case, and we find no sufficient reason for its exercise here.

The judgment is affirmed.