## SEIFERT v. BROWN.
### No. 2708.

Court of Civil Appeals of Texas. El Paso.
Sept. 22, 1932.

Rehearing Denied Oct. 13, 1932.

Jno. E. Sentell, of Snyder, and Harris, Harris & Sedberry, of San Angelo, for plaintiff in error.

W. H. Lipscomb and James Cornell, both of San Angelo, for defendant in error.

PELPHREY, C. J.

On October 11, 1930, plaintiff in error and M. Z. Dibble entered into the following contract:

"This agreement made and entered into on the 11th day of October, 1930, by and between C. A. Seifert of Danbury, Conn. and M. Z. Dibble of Snyder, Texas, hereinafter referred to as parties of the First Part, and of the Second Part, respectively:    Witnesseth:

"That, Whereas, Party of the Second Part (M. Z. Dibble) has secured leases on approximately six thousand acres of oil and gas leases in a block about three miles north of Ira, Texas, and has agreed to drill a well to the depth of thirty-five hundred (3,500) feet on said block of leases and in addition thereto to pay the land owners $1 per acre of said leases; and

"Whereas, Party of the First Part (C. A. Seifert) has agreed to loan Party of the Second Part (M. Z. Dibble) up to the sum of thirty thousand ($30,000) Dollars, to be used in paying for said leases and in the drilling of said well and the necessary expenses incident thereto;

"Now, therefore, it is hereby agreed as follows:

"First:    That M. Z. Dibble shall execute his note to C. A. Seifert for the sum of $30,000 due in one (1) year from date with interest at six (6) per cent per annum;

"Second: That the leases shall be held by C. A. Seifert and in his name as security pending the repayment of the above sum and interest;

"Third:    That M. Z. Dibble shall have the privilege of selling acreage out of the block in spreads to major oil companies, or to individuals, at not less than $12.50 per acre to the extent of thirty thousand ($30,000) Dollars, any or all of which sums, either in cash or in purchase letter agreements from major

oil companies, shall go to C. A. Seifert, and when paid shall be credited on said note of M. Z. Dibble in the sum of thirty thousand ($30,000) Dollars.

"Fourth: That when and after C. A. Seifert has been repaid the sums actually advanced, that the then remaining leases in said block shall be equally owned by C. A. Seifert and M. Z. Dibble, each to own an undivided one-half (½) interest in said remaining leases and the well to be drilled thereon.

"Fifth: That the well shall be located on the J. M. Blackburn tract of 240 acres and the location thereof being in the Southeast corner of the Northwest quarter of Section 155, in Block 97, H. & T. C. Ry. Co. survey, Scurry County, Texas.

"Sixth: That the above mentioned well shall be drilled by M. Z. Dibble, at his expense and under his direction, and within the limit of thirty thousand ($30,000) Dollars; and if any additional sums are needed to finish said well that they shall be provided by M. Z. Dibble out of his remaining one-half interest in the leases after the $30,000 has been first provided for.

"Seventh: That this agreement shall in no way be construed as a partnership and that C. A. Seifert (Party of the First Part) shall have no liability or be responsible for any debts incurred by M. Z. Dibble (Party of the Second Part) in connection with the drilling of said well."

About November 1, 1930, defendant in error went to work on the well driving a truck, and on January 18, 1931, he was injured when the truck ran off the road. Later he filed this suit against appellant alleging that he and Dibble as partners jointly, and, as joint adventurers, were engaged in the business of acquiring, developing, and selling oil and gas leases, and on the date of his injury were engaged in the drilling of the well mentioned in the above agreement; that he was engaged in driving a truck for them; that it was the duty of said partnership to exercise ordinary care to furnish and supply him with a truck which was reasonably safe for him to use in the discharge of his duties, but that, in violation of such duty, they negligently furnished him with a truck with defective radius rods and brakes, and that by reason of said defective radius rods and brakes the truck became unmanageable and ran off the road, permanently injuring him. Sworn denial of partnership was filed by plaintiff in error.

Plaintiff in error, at the close of the testimony, requested the court to instruct a verdict in his favor. The trial court's refusal to grant such request is made the basis of plaintiff in error's sixth assignment of error and his first point.

■ Defendant in error himself introduced in evidence the agreement above quoted, and is therefore bound by its provisions.

■ We have reached the conclusion that the agreement is wholly insufficient to establish a partnership between plaintiff in error and defendant in error in the drilling of the well.

It shows upon its face that the parties did not intend to enter into such relationship. It is true that the agreement provides that plaintiff in error was to have an undivided one-half interest in the leases remaining after defendant in error had sold enough to repay the $30,000 to plaintiff in error, as well as in the well, but we find nothing in the record to indicate that the parties were jointly engaged in the drilling of the well. The mere fact that plaintiff in error was to receive an interest in said leases and in the well for the use of his money could not, in our opinion, render him liable as a partner in the matter of drilling the well, and especially would this be true where the very agreement upon which defendant in error depends to show the existence of a partnership refutes the fact that the parties intended such relationship to exist.

There is no pleading or evidence of any "holding out" of plaintiff in error as a partner, or that he acted in such a manner as to estop him from denying the alleged partnership, and therefore the whole question as to whether a partnership existed depended upon the above agreement which it was the duty of the court to interpret.

The terms of this agreement as a whole made it clear that plaintiff in error and Dibble did not, as far as the drilling of the well was concerned, contemplate joining in a common business to be conducted for their joint account, and in which they, as owners, each of an interest, would be entitled to share as principals in the profits, as such. Fink v. Brown (Tex. Com. App.) 215 S. W. 846, and authorities cited.

■ The order of the court overruling plaintiff in error's motion for an instructed verdict reciting: "Coming on to be heard in due order, after the plaintiff and defendant had both rested and before the court charged the jury, defendant's motion that the court instruct a verdict for the defendant," the contention of defendant in error that plaintiff in error invited such action by the court by requesting the submission of special issues is untenable.

The motion and the order both sufficiently show, we think, that the request was made before the request for the submission of any issues.

The judgment of the trial court is therefore reversed, and judgment here rendered that defendant in error take nothing as against plaintiff in error.

Reversed and rendered.