## CARPENTER v. DURELL.
### No. 7414.

Circuit Court of Appeals, Sixth Circuit.
April 7, 1937.

On Rehearing June 4, 1937.

J. A. Fowler, of Knoxville, Tenn. (H. G. Fowler and S. F. Fowler, both of Knoxville, Tenn., on the brief), for appellant.

Frank Montgomery, of Knoxville, Tenn. (W. J. Donaldson, of Knoxville, Tenn., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

This case was here before under the style, Pearson v. Durell, 77 F.(2d) 465, and is a suit at law brought by the receiver of a closed national bank under section 91, of 12 U.S.C.A., to recover from a depositor, who was also a director, an amount paid on his check the day before the bank was placed in the hands of the Comptroller of the Currency for liquidation. The amended style of the proceeding results from the withdrawal by the Comptroller of the original receiver and his substitution of the present receiver.

The first trial was to the court without a jury. A judgment therein for the defendant was reversed, and the cause remanded for new trial. At the second trial the issues were submitted to a jury over the plaintiff's motion for peremptory instructions, and the jury's verdict was for the defendant. The plaintiff again appeals. The issues decided on the former appeal are again presented, together with a new defense not hitherto urged and sought to be incorporated in the case below by an amended pleading rejected by the trial judge.

The facts that gave rise to the controversy are fully recited in our former opinion, and there is no need for repetition. It is sufficient to say that the controversy there turned upon whether Durell's check had been paid by the bank after or in contemplation of the commission of an act of insolvency, whether it had been paid in the regular course of business without intent on the part of the bank to grant a preference, and whether Durell's purpose had been to obtain a preference. Upon these issues the trial judge had made findings of fact in favor of the defendant. We not only held that the evidence failed to sustain the findings, but that it clearly required contrary findings. Our decision upon these issues we deem to be the law of the case, calling for no further examination or decision on our part.

The doctrine of the law of the case has no application to questions of fact, but is limited to questions of law, and is always applied where the former decision relates to the sufficiency or insufficiency of the evidence. When the case comes up the second time and the evidence is substantially the same, a former decision is conclusive. 3 Am.Jur. §§ 997 to 1000, pp. 551, 553; Dodd v. Union Indemnity Co., 32 F.(2d) 512 (C.C.A.4) ; Priester v. Southern Ry. Co., 6 F.(2d) 878 (C.C.A.4) ; Thompson v. Maxwell Land-Grant & R. Co., 168 U.S. 451, 456, 18 S.Ct. 121, 42 L. Ed. 539; Illinois v. Illinois Central Railroad Co., 184 U.S. 77, 91–93, 22 S.Ct. 300, 46 L.Ed. 440; Messenger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152;

Kershaw Oil Mill et al. v. National Bank of Savannah, 209 F. 835 (C.C.A.4).

A determinating factor in the application of the doctrine is the substantial similarity of the evidence in the second case with that in the first. We have compared the two records with care. The evidence, it is true, is not identical. Some witnesses who were sworn at the first trial did not appear at the second, and others who gave evidence at the second trial were not sworn at the first. In the main, however, the case is the same with some difference in the quantum of proof on some points. The only distinction of importance urged upon us is that a bookkeeper for the bank who had sworn at the first trial that Durell's check had been referred to Ramsey, the president of the bank, before payment, did not give evidence at the second trial. Its importance is stressed because in our former opinion we indicated that whether Durell was or was not seeking a preference, Ramsey intended to give one, and it was inescapable that he knew the bank was insolvent. We do not think this difference in the evidence of importance. Ramsey's knowledge of the condition of the bank, and his efforts to secure help on the day the check was cashed is well established upon this record, and it is inconceivable that Ramsey did not know that a director's check for over $50,000, withdrawing his entire deposit, was being presented by the East Tennessee Bank. It was in respect mainly to the clearing house balance due the East Tennessee Bank that extraordinary efforts were made on the last day to avert catastrophe, including the request to the East Tennessee Bank to delay presentment, the offer to it of bonds, and finally the transfer to it of funds by wire from the Federal Reserve Bank in Atlanta. The balance of the clearing house account owing to the East Tennessee Bank was $108,-000, almost half of which was represented by the check of a director. The inference drawn in our former opinion is as inescapable here as there. There is no substantial difference in the evidence on material issues between the two cases.

We are confronted, however, with a defense to the receiver's suit not available to the defendant on the former appeal, and upon it we are, of course, not foreclosed by our former decision. City of Seattle v. Puget Sound Power & Light Co., 15 F. (2d) 794 (C.C.A.9). The receiver for the bank had been asserting against its officers and directors, including Durell, liability for knowing violation of the Banking Act, sections 91 and 93 of 12 U.S.C.A., and for common-law negligence. Between the first and second trials these directors made a compromise settlement with the Comptroller for the sum of $26,000, to which Durell contributed $500. The terms of the compromise agreement provided that the amount paid by the directors should be in full settlement and discharge of their entire liability for any acts which "they, as directors may have committed, or for any neglect upon their part to perform any duties as directors imposed upon them by statute, by common law or otherwise." In accordance with the requirements of law, confirmation of the compromise agreement was sought in the court below, and a decree there entered by which it was adjudged that the receiver be authorized to accept the amount in compromise "in full release and discharge of all of their liability of every nature to petitioner by reason of acts done by them or alleged to have been done by them as members of the Board of Directors of said bank and by reason of their failure or alleged failure to perform any duties imposed upon them by law as members of said Board of Directors including such liability as may be imposed upon them by statute or by common law." The defendant, contending that the compromise settlement was an accord and satisfaction as to all claims of the receiver, including that for the return of the alleged preference in controversy, sought to introduce the settlement into the case below by special plea, which the court overruled. At the conclusion of the evidence, he also moved for a directed verdict, with reservations, not only upon the ground that there was failure of proof, but also in reliance on his special plea.

In this situation we are called upon to determine whether the issue raised by the refusal to accept the plea of accord and satisfaction and to direct a verdict are now determinable here. On behalf of the appellant it is urged that since no appeal was taken by the defendant from the order overruling his plea, and the defendant electing to proceed to trial upon the merits, no legal question in respect to his plea may now be urged since the defendant is here supporting and not opposing the judgment. We think it clear, however, that in pressing his view of the legal effect of the

compromise settlement the defendant does not attack the judgment but seeks to support it, albeit upon a ground not sustained below. Langnes v. Green, 282 U.S. 531, 538, 51 S.Ct. 243, 75 L.Ed. 520; United States v. American Railway Express Co., 265 U.S. 425, 44 S.Ct. 560, 68 L.Ed. 1087. Compare Atherton v. Anderson, 86 F.(2d) 518, 521 (C.C.A.6). Succinctly put, the defendant's position is this: He says he owed the receiver nothing by reason of the withdrawal of his money from the bank, but that if he did he has already settled with him and obtained a full release from liability. In either event he asserts he was entitled to a judgment, and having it, it should stand, whatever may be the ground upon which it may be supported. We think this position sound, requiring our examination of the legal effect of the compromise settlement.

■ As we understand the defendant's argument, it amounts to this: Ordinarily payment made by a bank to a depositor in the usual course of business is not recoverable, even though the bank was then clearly insolvent. McDonald v. Chemical National Bank, 174 U.S. 610, 19 S.Ct. 787, 43 L.Ed. 1106. It has been held, however, Mechanics Universal Joint Co. v. Culhane, Receiver, 299 U.S. 51, 57, 57 S.Ct. 81, 81 L.Ed. ——, that where the depositor is a director of the bank, use by him of confidential knowledge acquired as a director is so far a violation of his statutory duty as a director that a preference acquired in consequence of such knowledge is unlawful and may be set aside. So it is urged that since Durell as a stranger to the bank would not be required to return his withdrawn deposit, and may be held liable only because he was a director as well as a depositor, his liability, if it exists, is that of a director, and as such it was released and extinguished by the compromise. We think the argument untenable. In the first place, the general rule that a stranger to the bank who withdraws his money therefrom after or in contemplation of insolvency, does not receive an illegal preference is subject to this qualification, to wit, that the withdrawal was in the usual course of business. In our former decision we held the evidence to require a finding that the payment of Durell's check was not in the usual course of the bank's business. In Mechanics Universal Joint Company v. Culhane, supra, the fact that the depositor there was not a stranger to the bank was but one of the grounds upon which liability

was sustained—the other was that the payment was not made in the usual course of business. Aside from this, however, the suit below was for the recovery of an illegal preference. Confidential knowledge of the depositor, actual or constructive, as to the affairs of a bank, permits of no reliance upon the rule applicable to strangers. The liability of the Mechanics Company in the case above cited to return a preference was not the liability of a director. So even though the information availed of by Durell was that acquired as a director, yet the recovery sought is not for damages resulting from his violation of statutory or common law duty as a director, but for return of a preference received by him as a depositor, since it is the object of the national bank system to secure a just and equal distribution of the assets of national banks among unsecured creditors, and to prevent such banks from creating preferences in contemplation of their failure. Mechanics Universal Joint Company v, Culhane, supra. We conclude that the compromise settlement did not extinguish Durell's liability for the preference sought to be recovered in the present suit, and that the judgment may not be sustained on that ground. Concluding also that issues as to the actual or contemplated insolvency, the intent of the bank officers to prefer Durell, and the preferential character of the payment to him have been foreclosed by our former decision, it follows that there was error in denying the plaintiff's motion for peremptory instructions.

Judgment is reversed, and the cause remanded for new trial, which, except as to new issues if and when raised, will be conducted in conformity with the views here expressed.

On Petitions for Rehearing.

PER CURIAM.

■ Both parties having filed petitions for rehearing, that of the appellee is denied. The appellant's petition calls the court's attention to the fact that upon conclusion of all the evidence, motions for peremptory instructions were made upon behalf of both litigants, that the trial judge reserved decision thereon till after verdict without exception thereto, and upon receiving a verdict of the jury for the defendant, denied appellant's motion. In this situation the reservation of the trial judge "carried with it authority to make such ultimate disposition of the case as might be made

essential by the ruling under the reservation, such as nonsuiting the plaintiff where he had obtained a verdict, entering a verdict or judgment for one party where the jury had given a verdict to the other, or making other essential adjustments." Baltimore & Carolina Line v. Redman, 295 U. S. 654, 659, 55 S.Ct. 890, 892, 79 L.Ed. 1636. Compare Ætna Insurance Co. v. Kennedy (U.S.) 57 S.Ct. 809, 81 L.Ed. —— (decided May 17, 1937). Having decided the issues on appeal in favor of appellant, and in effect holding that his motion for directed verdict was well taken, our judgment should be modified by substituting a direction for judgment for the appellant in place of a direction for new trial.

The appellant's motion for judgment being for $27,876.66 principal and $9,654.17 interest, by reason of crediting the appellee with dividends to which he would have been entitled had his deposit not been unlawfully withdrawn, is sustained, and judgment will be entered for the combined amount with interest from the date of trial until its date and thereafter till paid. The contention now made that the withdrawn deposit should be repaid without deduction therefrom of dividends will not be considered, for it is the appellant's motion made at the trial that we sustain and not some other motion which might perhaps have been made.

It is so ordered.