## STANCIL v. MILLS & EXPORTS CO.
### No. 5705.

Court of Civil Appeals of Texas. Texarkana.

Dec. 19, 1940.

Aubrey A. Wilson, of Gladewater, for appellant.

R. L. Whitehead, of Longview, and William E. Ladin, of Houston, for appellee.

WILLIAMS, Justice.

Humble Oil & Refining Company, in response to writ of garnishment served upon it October 25, 1938, answered that it was not indebted to the Houston Pipe & Steel Company, the defendant in garnishment. Garnishee impleaded Mills & Exports Company of Houston, appellee herein, and further answered: "Garnishee says that on October 27, 1938, * * * garnishee received an invoice from Houston Pipe & Steel Company, Greggton, Texas, dated October 17, 1938, in the amount of $809.30, covered by Humble Oil & Refining Company order No. B–14031 * * * together with letter dated October 20, 1938, from the said Houston Pipe & Steel Company assigning payment of the amount of said invoice to Mills & Exports Company. * * *" The above sum of money represented purchase price of certain pipe, covered by the invoice, that garnishee had purchased from Houston Pipe & Steel Company, and which funds garnishee admitted it was holding for payment of the invoiced pipes.

F. E. Stancil, plaintiff in garnishment, and appellee, Mills & Exports Company, in a trial to the court, joined issue as to whether such funds had been assigned to appellee prior to service of writ of garnishment. The court found that the Houston Pipe & Steel Company had assigned same to appellee prior to issuance and service of the writ, and awarded judgment in favor of appellee against garnishee in the sum of $809.30. From this judgment Stancil has appealed.

Appellant's assignments of error attack the sufficiency of the evidence to support the judgment. Appellant introduced in evidence garnishee's answer which contained, among other statements of the pleader, the paragraph quoted above. This answer he placed in evidence without any limitation. As stated in 20 Am.Jur. p. 771, § 915, "One introducing documentary proof bearing upon an issue vouches for its accuracy so far as that issue is concerned and is, as a general rule,

bound by its recitals for all purposes." Plaintiff, having introduced in evidence these statements in the quoted paragraph without any limitation, is concluded by them. Texas & N. O. R. Co. v. Patterson & Roberts, Tex.Civ.App., 192 S.W. 585; McClung Const. Co. v. Langford Motor Co., Tex.Civ.App., 33 S.W.2d 749; 17 T.J. p. 929.

The purported assignment in the form of the letter attached to appellee's pleadings, if it had been offered in evidence, would have been the best evidence of its contents. But testimony was introduced, without objection, of its contents and the date of and reason for its execution, and other circumstances surrounding the whole transaction. As stated in 17 T.J. p. 497, § 195: "Secondary evidence admitted without objection, when competent, may be considered in passing upon the sufficiency of the evidence to prove a fact or sustain a judgment." Long & Berry v. Garnett, 59 Tex. 229, 231. Appellant charges no fraud in the execution of the alleged assignment. The evidence does not contradict any of the statements contained in the garnishee's answer.

We see no reason to disturb the findings of the trial court, 3 T.J. p. 1059, §§ 747, 748, and the judgment is affirmed.