Edwin PARKERSON, Appellant,

v.

AMERICAN HOSPITAL & LIFE INSURANCE COMPANY, Appellee.

No. 7081.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 24, 1959.

Rehearing Denied March 17, 1959.

John H. Holloway, Houston, for appellant.

Hutcheson, Taliaferro & Hutcheson, Walter P. Zivley, Houston, for appellee.

DAVIS, Justice.

The opinion heretofore handed down in this case on January 13, 1959, is withdrawn and the following is substituted therefor.

This is an appeal by plaintiff-appellant, Edwin Parkerson, from a judgment of the County Court of Harris County, denying recovery in a suit against defendant-appellee, The American Hospital & Life Insurance Company, on a standard hospitalization policy for $199 hospital expenses, $150 surgical expenses, statutory penalty and attorney's fee.

Appellee issued its policy of insurance to appellant effective December 2, 1954. At the time of the issuance of the policy appellee notified appellant, without qualification, that payment of premium could be made by check. There is no provision in the policy or notice that would indicate that the forfeiture provisions of the policy would apply in the event an insufficient-fund check should be tendered in payment of a premium. A premium became due

on the policy March 2, 1956. During the grace period provided in the policy appellant issued and delivered to the appellee his check for the sum of $32.25 to cover the premium. The check was received and deposited by appellee but was returned by the bank upon which it was drawn, marked "insufficient funds." After the grace period expired, appellee notified appellant that his policy had lapsed for non-payment of premium.

On the morning of April 2, 1956, appellant's wife, who was covered by the policy of insurance, entered a hospital for treatment. She was not officially admitted to the hospital until the afternoon of April 2nd. Appellee contends that the policy expired, or was forfeited at 12 o'clock noon that day and that it was not reinstated until April 13th and that under the provision of the policy the Company was not liable for any benefit insured until 10 days thereafter.

■ The case was tried to a jury, but when plaintiff and defendant had rested, the record shows that it was agreed to withdraw the case from the jury and submit it to the court, which was done, and the court took the case under advisement and subsequently rendered judgment. By Point 3, appellant complains of the action of the trial court in taking the case from the jury. Under the record, the point is waived and is overruled.

Appellant's Point 4 is without merit and is respectfully overruled.

By Point 1, appellant complains of the action of the trial court in holding that the insufficient-funds check did not constitute payment of the premium on the policy, and in holding that appellee had only conditionally accepted the check in payment thereof and that the policy was forfeited for non-payment of premium as of March 2, 1956. Appellant contends in Point 2 that there is no evidence to support the finding of the trial court that the check was conditionally accepted by appellee.

Appellee did not plead conditional acceptance of the check but elected to rely exclusively upon estoppel. It alleged that on April 12, 1956, the day after appellant's wife left the hospital, appellant executed an application for reinstatement of the policy.

■ Appellee offered in evidence an instrument pertaining to the insufficient-funds check with the following notation noted thereon:

"Disposition of the above transaction:

The check/draft described was made good on April 20, 1956 (Cashier's ck.) (signed) Minnie Martinez."

Then it offered in evidence still another instrument dated April 18, 1956, which contained the following notation relative to the policy involved in this suit: "Premiums paid to June 2, 1956." These instruments with these recitations were offered without limitation or explanation and appellee is bound by every statement and recitation therein contained. Lock v. Morris, Tex. Civ.App., 287 S.W.2d 500, wr. ref., n. r. e., and authorities therein cited. The notation in the first instrument shows payment of the insufficient-funds check. The notation in the second instrument indicates that the premium on the policy was from March 2, 1956, to June 2, 1956, the exact period of time covered by the insufficient-funds check. The record in this case nullifies the application for reinstatement of the policy because it shows a continuous payment of premiums beyond the date of the claim. Points 1 and 2 are sustained.

In view of our decision in this case, it is unnecessary to discuss appellant's Point 5.

■ The evidence being without dispute in the record, it becomes the duty of this Court to render such judgment as the trial court should have rendered.

■■ Giving the appellee the benefit of the doubt on attorney's fee, the evidence

shows that the minimum fee for attorneys in Harris County, Texas, for the amount of work as performed by counsel for appellant in this case would be $300. Accordingly, the judgment of the trial court is reversed and judgment is here rendered for the appellant for the sums sued for under the terms of the policy, plus 12% penalty thereon and all costs in this behalf expended, including an attorney's fee of $300, and such judgment shall bear interest at the rate of 6% per annum from the 30th day of December, 1957, until paid, being the date the judgment was entered in the trial court, and appellee's motion for rehearing is overruled.