The **LINCOLN NATIONAL LIFE INSURANCE COMPANY**, Appellant,

v.

**Rosa Lee Leaman ROOSTH**, Appellee.

No. 18830.

United States Court of Appeals
Fifth Circuit.

July 19, 1962.

Rehearing Denied Sept. 27, 1962.

Thos. B. Ramey, Jack W. Flock, Tyler, Tex., Gordon C. Reeves, J. T. Deitschel, Fort Wayne, Ind., Ramey, Brelsford, Hull & Flock, Tyler, Tex., of counsel, for appellant.

Chas. F. Potter, Tyler, Tex., Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, Tex., of counsel, for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON, RIVES, CAMERON, JONES, BROWN, WISDOM, GEWIN and BELL, Circuit Judges.

JOHN R. BROWN, Circuit Judge, joined by TUTTLE, Chief Judge, and RIVES, CAMERON, WISDOM and GEWIN, Circuit Judges.

This is the second appearance of this case. On the first trial the District Court

after the jury was unable to agree on a verdict, discharged the jury and thereafter entered *j. n. o. v.* for the Insurer pursuant to its earlier motion for a directed verdict. F.R.Civ.P. 50(b), 28 U.S.C.A. When that judgment for the Insurer came here on appeal, this Court, by a divided vote, reversed and remanded the case for a new trial. Roosth v. Lincoln National Life Insurance Co., 5 Cir., 1959, 269 F.2d 171. Because of the detailed recitation of the facts in that opinion, it is unnecessary to repeat or even summarize them here.

On the retrial pursuant to our mandate, the jury returned a verdict for the beneficiaries of the Assured and against the Insurer. The District Judge made it plain that because of our decision he felt compelled to enter judgment on the verdict against the Insurer. It is equally plain that had it been left to him, he thought the evidence insufficient as a matter of law to sustain any such judgment.

The case then came back again to this Court with only two differences—neither of which are decisive—from the prior appeal. First, it was the Insurer, not the Assured, that was seeking to upset the Trial Court's action. Second, the record while substantially the same in its total teachings and effect, differed in its structure in that documents offered by the Insurer on the first trial to substantiate its charge of fraudulent misrepresentation of prior medical history were on this second trial offered by the Assured. But apart from the technical question of evidence which we discuss briefly later on, the record, in a very real, practical and legal sense, was and is identical.

In the routine assignment of cases to the calendar for argument, the second appeal was presented to a panel of this Court different from that deciding the first appeal. After oral argument before that panel, the serious question arose whether, on this identical record, the second panel was in agreement with the decision of the former panel that the evidence was legally sufficient to make a jury issue. In view of this, the Court on its own motion and prior to decision of the second panel ordered the case resubmitted to the full Court. 28 U.S.C.A. § 46(c). See also 5 Cir. R. 25a, 28 U.S.C.A.

The parties were invited to file such supplemental briefs as were thought necessary, but after informal consultation between them, counsel commendably concurred in the view that everything that could be said, pro and con, had already been set forth in able briefs filed on the two appeals. Consideration by the full Court on these briefs verified the initial impression that we are here dealing with a record which is as identical as can ever be achieved considering the unavoidable nuances in the testimony of living witnesses.

■ The reconsideration of this identical record by the second panel and now by the full Court revealed another thing of equal positiveness. There are no differences among the Judges of this Court on the questions of law as such. The differences, such as they exist, relate to the facts. It is true, of course, that whether the evidence is sufficient to make out a jury case is a question of law. Marsh v. Illinois Central R., 5 Cir., 1949, 175 F.2d 498. Kirby Lumber Corp. v. Laird, 5 Cir., 1956, 231 F.2d 812; Whiteman v. Pitrie, 5 Cir., 1955, 220 F.2d 914. But it is one only in relation to the particular facts of the particular case. There is no disagreement over the controlling standard, only on whether the evidence does, or does not, satisfy that standard.

■ It is that absence of any disagreement on controlling legal principles and the very substantial actual sameness of the two records which leads us to the conclusion that this is a case calling imperatively for the application of the doctrine of the law of the case.

■ This, we emphasize, is a deliberate choice and is in no sense the product of any erroneous notion that, as a matter of sheer power, application of that doctrine is mandatory. This would, of course, turn our backs on the principle so

often recognized by this Court that while this is a rule guiding decision in a given case, the Court is not compelled to follow its former decision. We have too often held that this Court is, and must be, free to determine whether, first, the prior decision was erroneous, and second, and more important, whether the circumstances are such that a different result should be reached. Seagraves v. Wallace, 5 Cir., 1934, 69 F.2d 163; Commercial National Bank v. Connolly, 5 Cir., 1949, 176 F.2d 1004. Of course this approach is consistent with such leading cases as Messinger v. Anderson, 1912, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152; Remington v. Central Pacific R. Co., 1905, 198 U.S. 95, 25 S.Ct. 577, 49 L.Ed. 959; United States v. United States Smelting etc. Co., 1950, 339 U.S. 186, 70 S.Ct. 537, 94 L.Ed. 750; Insurance Group Committee v. Denver & R. G. W. R. Co., 1947, 329 U.S. 607, 67 S.Ct. 583, 91 L.Ed. 547.

 But we think that when the issue resolves itself, as it does so clearly here, into a question of whether the same body of evidence is enough to permit a jury submission, neither a subsequent, second, or third, panel of this Court, nor the whole Court sitting en banc, should ordinarily undertake to review the correctness of the first decision or, doing so, arrive at a contrary conclusion. This approach has been many times expressed by some of our sister Courts of Appeals and no statement is better than that of the Eighth Circuit.

"This court has repeatedly held that the decision on former appeal is the 'law of the case' on a question presented in that former appeal, unless the evidence introduced at the subsequent trial is substantially different from that considered on the first appeal, and must be followed in all subsequent proceedings in such case in both district and appellate courts, unless that decision is clearly erroneous and works manifest injustice. The introduction of new testimony at the second trial which is merely cumulative will not prevent the application of this doctrine on the second appeal. While this rule of practice is not a limit of power, it is nevertheless a salutary one, and should be departed from only after careful consideration on situations arising in specific cases." Chicago, St. P. M. & O. Ry. Co. v. Kulp, 8 Cir., 1939, 102 F.2d 352, 354, 133 A.L.R. 1445.[1]

We are aware, of course, that any such approach seemingly gives secondary importance to the intrinsic merits of the particular case, and more serious, to the likelihood of an injustice being done one or more of the litigants. But this helps to bring into focus the basic notion that we are a part of a system of courts of law. It is the aim and hope, of course, of every tribunal that it can work justice in the cause. But it must function with an appropriate awareness that it is the law which it administers. That means, as is true of many procedural as well as substantive requirements, courts of law must recognize that regard should be given to some factors which are not intrinsically a part of the particular case at hand.

Of these other factors, a most important consideration is stability in the law —a sort of permanence and sureness in decision apart from the make-up or composition of the particular tribunal so far as the person of the Judges is concerned. That, of course, is a matter of growing

1. Similar cases include New York Life Ins. Co. v. Golightly, 8 Cir., 1938, 94 F.2d 316; Williams v. Order of Commercial Travelers of America, 6 Cir., 1930, 41 F.2d 745; General Motors Acceptance Corp. v. Mid-West Chevrolet Co., 10 Cir., 1934, 74 F.2d 386; Priester v. Southern Ry. Co., 4 Cir., 1925, 6 F.2d 878; Dodd v. Union Indemnity Co., 4 Cir., 1929, 32 F.2d 512; Louisville Trust Co. v. National Bank of Kentucky, 6 Cir., 1939, 102 F.2d 137; Electrical Research Products, Inc. v. Gross, 9 Cir., 1941, 120 F.2d 301.

If taken literally, the Sixth Circuit, in this situation apparently would hold that the "former decision is conclusive." Carpenter v. Durell, 6 Cir., 1937, 90 F. 2d 57, 58.

concern to Courts such as this one in which, as a multiple Judge tribunal, we sit by statute in panels of not more than three Judges. 28 U.S.C.A. § 46(c). In more tranquil days and times, an appeal from a second trial would be heard by the same Court as the first appeal. Now, that is highly unlikely, and where it occurs, it is—at least in this Court—due entirely to the laws of chance. That puts a premium on multiple appeals. That is so because, without implying any improper purpose to litigants or their counsel, or acknowledging anything more than, as human beings, Judges will unavoidably have differences in emphasis, approach, or views on close questions in given areas, if the practice is followed for each succeeding panel to arrive at its own decisions, the losing party on the first appeal will naturally strive to bring it back a second, or a third, or a fourth time until all are exhausted. This possibility involves something other than simply more grist for our mill and as to which we should be indifferent. One of the vices is that whether a litigant gets a second, or a third time at bat likewise depends so much on chance, or at least on factors making it most unfair that in one situation a second trial and appeal is available while in another one it is lacking. A variety of possibilities will illustrate these unpredictables: the trial Court enters judgment for a plaintiff on a jury verdict, and we reverse for failure to grant an instructed verdict, but send it back for a new trial because no proper motion for *j. n. o. v.* has been made, see Yorkshire Indemnity Co. v. Roosth & Genecov Production Co., 5 Cir., 1958, 252 F.2d 650, 657–58. Another trial Judge, in substantially the same kind of case, takes a bolder course, grants the motion for directed verdict and enters judgment for a defendant which on appeal we affirm. In the former situation, the parties will have a second chance and a second appeal. In the latter, it will be a one-shot affair. Countless other variations may readily be envisioned.

■ We think that in a multi-Judge Court it is most essential that it acquire an institutional stability by which the immediate litigants of any given case, and equally important, the bar who must advise clients or litigants in situations yet to come, will know that in the absence of most compelling circumstances, the decision on identical questions, once made, will not be re-examined and redecided merely because of a change in the composition of the Court or of the new panel hearing the case.

■ With that in mind, we are of the clear view that nothing about this case warrants our exercising the undoubted power to overrule the prior decision reached by the Court on the first appeal. On the contrary, any effort to re-examine the merits and now declare a result—either the same or a different one—independent of the former decision leads to consequences much more serious to the permanent, objective, administration of justice under law than any supposed individualized injustice to one or all of the litigants.

■ We need mention only briefly two new matters upon which the Insurer, independent of the sufficiency of the evidence, urges a reversal and remand for still a third trial. As to the first, we do not think that because the Assured offered the documentary evidence containing the asserted fraudulent misrepresentations, the oral testimony offered thereafter by the Assured was an impermissible impeachment such as is frequently discussed. See 32 C.J.S. Evidence § 1040d at 1113–1114; 17 Tex.Jur. Evidence § 419.[2] Such oral testimony, at most, was

2. The Insurer stresses these Texas cases. Lock v. Morris, Tex.Civ.App., 1956, 287 S.W.2d 500 (error ref. n. r. e.); Seifert v. Brown, Tex.Civ.App., 1932, 53 S.W. 2d 117 (error ref.); Stancil v. Mills & Exports Co., Tex.Civ.App., 1940, 146 S.W.2d 787 (no writ history); McClung Construction Co. v. Langford Motor Co., Tex.Civ.App., 1930, 33 S.W.2d 749 (no writ history); Lincoln v. Pohly, Tex.Civ. App., 1959, 325 S.W.2d 170 (error ref. n. r. e.); Parkerson v. American Hospital & Life Ins. Co., Tex.Civ.App., 1959, 322 S.W.2d 27 (error dismissed); Freed

explanatory, and analogous to the offering of other oral testimony, not as impeachment of the veracity of a witness, but merely to prove the truth of the particular facts, even though in contradiction of the story related by such witness. This is quite permissible.[3] As to the second, a fair reading of the charge as a whole negatives any idea based on literalism of the instructions that the jury was misled. It is plain that the question submitted was not whether the various statements, answers, etc. charged to be fraudulent were in fact made, but whether—as made, as they admittedly were—they were made with the requisite Texas intent to deceive or defraud.

Thus, as it must to all things and all cases, this one now comes to an end.

Affirmed.

JOSEPH C. HUTCHESON, Circuit Judge, with whom JONES and GRIFFIN B. BELL, Circuit Judges, join (dissenting).

When the case was first here, it had been tried to a jury in the district court, and the jury, having been unable to agree, had been discharged and judgment for the defendant entered by the court. On the first appeal, a panel of this court, by a divided vote, held that the evidence was sufficient to require submission to a jury. On a second trial, the jury returned a verdict in favor of the plaintiffs-beneficiaries, upon which judgment was entered. A second appeal was heard by a different panel of the court, a decision was reached, and an opinion reversing and rendering judgment for the insurer was prepared. Before the opinion was filed, however, a majority of the circuit judges ordered a hearing, or rehearing,
before the court en banc, and a decision affirming the judgment followed. For the reasons which are stated below, I feel it my duty to dissent therefrom.

Although the majority declares that it respects and follows the doctrine, time-honored and well established in this circuit, at least, that the decision on a former appeal is the law of the case on questions of law then and there presented, *unless the former decision is clearly erroneous and works manifest injustice,* and that this doctrine does not constitute a limitation upon the power of the court to reconsider and if necessary overrule the earlier decision, in the light of the action taken, and declined, by the majority, and of the subsequent language in its opinion, it is as plain as anything can be that while the opinion gives lip service to that doctrine it does not adhere to it. Substituted in its stead by the majority is an entirely new rule for application in the particular class of case here under consideration. It is a rule which completely eliminates the narrow latitude, carefully limited and circumscribed, formerly available to the court in the application of the doctrine of the law of the case. It is a rule which apparently attaches to the earlier decision the conclusive effect of res judicata.

With deference to the views of my brothers, I am unable to perceive either the authority for or the wisdom of abandonment of the doctrine of the law of the case, or of the adoption of a new rule respecting it, in this or any other kind of case. On the contrary, I think that both reason and authority support the conclusion that it is the duty of the court in any case properly before it, as a

v. Bozman, Tex.Civ.App., 1957, 304 S.W. 2d 235 (error ref. n. r. e.); McDonald v. Grant, Tex.Civ.App., 1958, 312 S.W. 694 (error dismissed); Vincent v. Vincent, Tex.Civ.App., 1958, 320 S.W.2d 217 (error ref. n. r. e.); Foster Wheeler Corp. v. Western Wood Products Co., Tex.Civ. App., 1958, 324 S.W.2d 45 (no writ history).

3. 20 Am.Jur., Evidence § 915; 58 Am. Jur. Witnesses § 797; McCormick and

Ray, Texas Evidence § 636; Trice Production Co. v. Dutton Drilling Co., Tex. Civ.App., 1960, 333 S.W.2d 607 (error ref. n. r. e.); Masterson v. Bouldin, Tex. Civ.App., 1941, 151 S.W.2d 301 (error refused); Brumit v. Cokins, Tex.Civ. App., 1955, 281 S.W.2d 154 (error ref. n. r. e.); Independence Indemnity Co. v. Pope, Tex.Civ.App., 1929, 14 S.W.2d 330 (error dismissed); Pruett v. Mabry, Tex. Civ.App., 1954, 268 S.W.2d 532 (error ref. n. r. e.)

prerequisite to implementation of an earlier decision as the law of the case, to determine whether that decision was clearly in error, and if it was, whether the circumstances are such that a different result should be reached. These determinations require and demand consideration of the case on its merits. Any other course renders empty and meaningless the right of appeal given by Congress to a party aggrieved by the judgment of the trial court, by making the court which hears the appeal a mere "rubber stamp". This anomalous result is best illustrated by the case at bar. Here the disagreement among the members of the court was considered sufficient to necessitate a hearing before the court en banc. Yet in disposing of the case, a majority of the entire court neither deals with the merits nor applies the doctrine of the law of the case, but holds itself constrained to merely "rubber stamp" the prior decision of two judges, without examination of the correctness of that decision.

The principal case cited by the majority, Chicago, St. P., M. & O. Ry. Co. v. Kulp, 102 F.2d 352, 353, 354, 133 A.L.R. 1445 (8th Cir. 1939), as support for its approach, in fact supports only the traditional application of the doctrine of the law of the case, even in situations where the evidence is the same on successive appeals and the question relates to its sufficiency to justify jury submission,[1] as this portion of that opinion quoted by the majority reveals:

"* * * the 'law of the case' * * * must be followed * * *

[in such circumstances] *unless [the former] decision is clearly erroneous and works manifest injustice.* * * * *[T]his rule of practice* * * * *should be departed from only after careful consideration on situations arising in specific cases."* (Emphasis added)

In this circuit, the traditional doctrine of the law of the case has always been followed heretofore.[2]

In my view, the most that can be said for the position taken by the majority is that in cases in which the question presented upon appeal is whether the evidence was sufficient to justify or require jury submission, when the evidence is the same as it was on the first appeal, this difference from most other cases, if it can be called a difference, is presented: that it is less likely that clear error in the decision of the prior division will be found, because of the difficulties attending this particular law question. I do not think that this is sufficient reason to refrain from examination of the first decision.

Nor do I think that the fact that the size of the court has increased in recent years is a factor which militates in favor of the majority position. While it is certainly true that the composition of a panel of this court by which a given case will be determined on appeal is governed by the law of chance—from the standpoint of the parties—it need not be so from the standpoint of the court, upon whose shoulders rests responsibility for the proper administration of the judicial process, for there is nothing which pro-

---

1. My reading of the cases cited in footnote 1 of the majority opinion reveals that the language of Louisville Tr. Co. v. National Bank of Kentucky, 102 F.2d 137 (6th Cir. 1939); General Motors Acceptance Corp. v. Mid-West Chevrolet Co., 74 F.2d 386 (10th Cir. 1934); and Williams v. Order of Commercial Travelers of America, 41 F.2d 745 (6th Cir. 1930) supports application of the traditional doctrine of the law of the case. Electrical Research Products, Inc. v. Gross, 120 F.2d 301 (9th Cir. 1941) takes no position whatever on the question. In Priester v. Southern Ry. Co., 6 F.2d 878 (4th Cir. 1925) the circumstances were

such that the judgment of the trial court on the second trial was in effect entered on the mandate of the appellate court. The view taken by the Sixth Circuit in Carpenter v. Durell, 90 F.2d 57 (6th Cir. 1937), that the first decision on appeal is conclusive, seems not to have been followed in that circuit. See e. g. Louisville Trust Co. v. National Bank of Kentucky, supra.

2. In addition to Seagraves v. Wallace and Commercial National Bank v. Connolly, cited by the majority, see Atchison, T. & S. F. Ry. Co. v. Ballard, 108 F.2d 768 (5th Cir. 1940).

hibits assignment of successive appeals to the same panel. In terms of economy of judicial energy as well, this procedure has much to recommend it. The fact that the parties may or may not be entitled under the law to, or avail themselves of, multiple appeals seems to me to be of no relevance to the problem at hand. Our primary concern is not with the fact that an appeal may be taken, but with the scope of our duty when the case reaches us.

While no disagreement will be found with the proposition that stability and predictability in the law, as well as the expeditious termination of litigation, are desirable goals in the administration of justice, I think it questionable that the rule announced by the majority materially advances those worthy ends. It might if we were a court of last resort. We must not, however, lose sight of the fact that we do not have the infallibility of finality, and that the litigants have access to yet another court for review of our decision *on its merits*. As the Court of Appeals for the First Circuit has said:

> "Our law of the case is not the Supreme Court's law of the case. Our judgment on the second appeal stands or falls on its merits and has no improved standing before the Supreme Court from the fact that it resulted from an application of our law of the case. This being so, it would seem that if on second appeal we thought our earlier opinion was erroneous, we ought sensibly to set ourselves right, rather than to invite reversal above." White v. Higgins, 116 F.2d 312, 317 (1st Cir. 1940)

This statement accords fully with my own views.

By reason of its effectuation of a rule which prevents re-examination of the earlier decision, the majority gives no other basis or reason for affirmance of the judgment in this case. It is sufficient for me to say, therefore, that as for myself I have carefully examined the record and the previous decision in the case, as I believe it is our duty to do in each such case. I conclude that the first decision was clearly in error, for the reasons stated in the dissenting opinion in that case and in the unfiled reversing opinion prepared in the case at bar, and that the earlier opinion is therefore not the law of the case. Turning to the merits, I am of the opinion that the insurer was and is entitled to an instructed verdict as a matter of law, and would reverse the judgment of the trial court and render a verdict for the insurer accordingly. I, therefore, dissent from the opinion of the majority.

Rehearing denied; JOSEPH C. HUTCHESON, JONES and GRIFFIN B. BELL, Circuit Judges, dissenting.