**TRADERS & GENERAL INSURANCE COMPANY, Appellant,**

v.

**Oscar Harvey SMITH et al., Appellees.**

**No. 7501.**

Court of Civil Appeals of Texas.

Texarkana.

June 11, 1963.

Herbert Boyland, Kenley, Ritter & Boyland, Longview, for appellant.

E. A. Martin, Martin & Martin, Longview, for appellees.

FANNING, Justice.

This is a venue case. Appellees brought suit in the District Court of Harrison County, Texas, to set aside a compromise settlement agreement entered into between the parties which agreement had been approved by the Industrial Accident Board and the sum of $1198.50 had been paid to appellees. The settlement was based upon the death of the son of appellees while he was allegedly employed by Marshall Brick Company. Appellant filed a plea of privilege to be sued in the county of its residence, Dallas County, Texas. Appellees duly controverted the plea, and sought to maintain venue in Harrison County under Section 7 of Art. 1995, Vernon's Ann.Civ.St., on the basis of alleged fraudulent representations by an agent of defendant, contending to the effect that such agent falsely represented that appellees were not entitled to anything as their son was not an employee of Marshall Brick Company, and that the sum of $1198.50 which they were receiving was in effect a donation to defray or help defray the funeral expenses, etc. Upon a hearing before the court, the plea of privilege was overruled and appellant has appealed.

We have carefully reviewed the record, and find that there was no competent evidence of probative force in the record to show that the deceased son of the appellees was acting in the course of his employment as an employee of Marshall Brick Company at the time he received his fatal injuries.

Appellees introduced in direct evidence *without limitation or reservation* the compromise settlement agreement and a signed statement (signed by both appellees) in support of said agreement which agreement and statement had been filed with the Industrial Accident Board. In said above referred to statement are found the matters quoted below:[1]

In Stancil v. Mills & Exports Co., Tex. Civ.App., 146 S.W.2d 787, it was stated:

" * * * Appellant introduced in evidence garnishee's answer which contained, among other statements of the pleader, the paragraph quoted above. This answer he placed in evidence without any limitation. As stated in 20 Am.Jur. p. 771, § 915, 'One introducing documentary proof bearing upon an issue vouches for its accuracy so far as that issue is concerned and is, as a general rule, bound by its recitals for all purposes.' Plaintiff, having introduced in evidence these statements in the quoted paragraph without any limitation, is concluded by them. Texas

& N. O. R. Co. v. Patterson & Roberts, Tex.Civ.App., 192 S.W. 585; McClung Const. Co. v. Langford Motor Co., Tex. Civ.App., 33 S.W.2d 749; 17 T.J. p. 929."

Also in this connection see Seifert v. Brown, Tex.Civ.App., 53 S.W.2d 117, wr. ref., and Lock v. Morris, Tex.Civ.App., 287 S.W.2d 500, wr. ref., n.r.e.

■ Appellee Oscar Smith testified that his son was an employee of Marshall Brick Company. This was done over the objection of appellant that the same was a conclusion. Appellant's objection was good and such inadmissible conclusion testimony was of no probative force. See the following authorities: Texas Employers Ins. Ass'n v. Sewell, Tex.Civ.App., 32 S.W.2d 262, wr. ref.; Texas Reciprocal Ins. Ass'n v. Stadler, 140 Tex. 96, 166 S.W.2d 121; Wade v. Superior Insurance Company, Tex.Civ. App., 244 S.W.2d 893, wr. ref.

■■ In order to sustain venue under Section 7 of Art. 1995, V.A.C.S., it is necessary that all of the constituting elements

1. "This is to certify that my name is Oscar Harvey Smith, I am a white, male, married, age 52. I reside at 2004 Ark. St. in Marshall, Texas. I am employed by the Marshall Brick Company of Marshall, Texas, and have worked for the Company for the past six years. My job with the Marshall Brick Company has been as a truck driver during the time that I have been employed by this firm. I am also the father of Thomas Eugene Smith age 15. My son Thomas Eugene Smith, whom we all called Tommy was killed on July 2, 1962, near Canton, Texas on Highway 19 around 2:00 A. M. My son was helping out Gene Martin on his truck. Mr. Gene Martin came by our home around 8:00 PM on the night of July 1, 1962, and talked to me about getting Tommy to help him on his truck. I didn't know whether Tommy was going to go on the truck with Mr. Martin. Tommy had helped Mr. Martin on the truck the week before as his helper. The week before Mr. Martin hired Tommy to go with him as his helper to unload the truck. Tommy told me that Mr. Martin paid him $7.50 for a trip. Tommy my son also worked with me on my truck and helped me unload, when Tommy wasn't helping me he usually helped Mr. Martin out on his truck. Tommy was not an employee of the Marshall Brick Company, and he was not on the payrolls of the Brick Company. Mr. Robert Geddie who is the manager of the brick company does not hire a helper for the drivers of the trucks. The driver hires his own helper and pays him out of his own pocket. It is up to the driver of the truck to get his own helper to unload his truck. We usually take a helper with us or else pick up someone in the town that we go to to help with the unloading. Tommy Smith my son was never on the pay rolls of the Marshall Brick Co. and never and employee of the Brick Company.

"I have read the foregoing statement and find it to be true and correct to the best of my knowledge and belief.
"/s/ OSCAR HARVEY SMITH
"Oscar Harvey Smith, (Father) of Thomas Eugene Smith
"/s/ MRS. OLA MARGET SMITH
"Mrs. Ola Marget Smith (Mother) of Thomas Eugene Smith."

of fraud must appear. These are (1) a false representation made by the defendant; (2) the reliance thereon by the plaintiff; (3) action in reliance thereon by the plaintiff; and (4) damage to the plaintiff resulting from such fraud or misrepresentation. See Trinity Universal Ins. Co. v. Soliz, Tex. Civ.App., 241 S.W.2d 625, and authorities therein cited.

The burden of proof was upon appellees to prove that their son was an employee, and in failing to produce any evidence of probative force on this matter, they failed to show any false representation on the part of defendant's agent, and also failed to show damage because if their son was not an employee of Marshall Brick Company they were not damaged by accepting the $1198.50.

Finding that there was no evidence of probative force in the record to sustain venue of this cause in Harrison County, Texas, under Section 7 of Art. 1995, V.A. C.S., the judgment of the trial court is reversed and the cause is ordered transferred to a District Court of Dallas County, Texas.

Reversed and rendered.