57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar ELLIS, Jr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar ELLIS, Jr., Defendant-Appellant.
 Nos. 94-5461, 94-5488.
 United States Court of Appeals, Fourth Circuit.
 Argued May 3, 1995.
Decided June 8, 1995.
 
 ARGUED: James Orlando Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, VA, for Appellant.
 Vincent L. Gambale, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. ON BRIEF: Helen F. Fahey, United States Attorney, Harvey L. Bryant, III, Assistant United States Attorney, Norfolk, VA, for Appellee.
 Before ERVIN, Chief Judge, and MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Oscar Ellis, Jr., appeals from his fifteen-year sentence under the Armed Career Criminal Act ("ACCA"), codified at 18 U.S.C. Sec. 924(e). Ellis's sentence was imposed by the district court on remand after we vacated the defendant's lesser sentence and instructed the district court to resentence him under ACCA. See United States v. Ellis, No. 92-5860, 1994 WL 69370 (4th Cir. Mar. 8, 1994) (per curiam) (Ellis I ). Because Ellis now raises only the same issue we addressed and rejected in Ellis I, we affirm the sentence imposed by the district court.
 
 I.
 
 2
 Ellis was convicted by a jury sitting in the United States District Court for the Eastern District of Virginia of violating 18 U.S.C. Sec. 922(g)(1), which prohibits a convicted felon from possessing a firearm. After the jury returned a verdict of guilty, the government requested that Ellis be sentenced to fifteen years imprisonment as an armed career criminal under ACCA. In 1973, Ellis had been convicted of three robberies which occurred on January 24, 26, and 30 of that year. He had also been convicted of assault with intent to com mit voluntary manslaughter in 1978. Counting the three 1973 robbery convictions as one incident, the district court determined that Ellis had not been convicted of three predicate felonies within the meaning of ACCA and sentenced him to 63 months imprisonment, rather than fifteen years.
 
 
 3
 The government appealed Ellis's sentence, contending that his three robbery convictions qualified as independent predicate felonies under ACCA. We agreed, "vacat[ing] [Ellis's] sentence and remand[ing] for the limited purpose of imposing the mandatory minimum fifteen-year sentence required by Sec. 924(e)." Ellis I, at * 4. Noting that predicate felonies under ACCA must be "committed on occasions different from one another," id. at * 3, we recognized nonetheless:
 
 
 4
 [W]e are aware of no authority which supports the view that one "occasion," or criminal episode, may encompass robberies committed against different victims on different dates. The statute specifies only that the offenses must have been committed on occasions different from one another. Ellis' three prior convictions for robberies committed in 1973 against different victims on January 24, 26, and 30, clearly meet the requirements of the statute.
 
 
 5
 Id.
 
 
 6
 On June 7, 1994, the district court re-sentenced Ellis to fifteen years imprisonment, as directed by this court. Ellis filed timely notice of appeal.
 
 II.
 
 7
 We have already addressed and explicitly rejected Ellis's legal argument in the previous appeal. Even Ellis recognizes that he is merely asking us to "reconsider [our] earlier decision and find that the three robberies were a constituted a[sic] single episode." Brief of Appellant at 9. As we and other appellate courts have repeatedly held, "[u]nder the 'law of the case' doctrine, the 'findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." Heathcoat v. Potts, 905 F.2d 367, 370 (11th Cir.1990); see also Capital Investors Co. v. Executors of Estate of Morrison, 584 F.2d 652, 654 (4th Cir.1978) (court "did not intend for earlier findings and conclusions, which had been affirmed on appeal, to be overturned with no new evidentiary basis for it"); Lincoln Nat'l Life Ins. Co. v. Roosth, 306 F.2d 110, 113 (5th Cir.1962) (subsequent panel of appellate court should not "ordinarily undertake to review the correctness of the first decision or, doing so, arrive at a contrary conclusion"). A petition for rehearing pursuant to Rule 40 of the Federal Rules of Appellate Procedure or a motion for rehearing in banc pursuant to Rule 35--neither of which appellant filed--would have been appropriate vehicles by which to request our reconsideration of Ellis I. In any event, because the circumstances of this case remain entirely unchanged from those in the previous appeal, the district court's imposition of the mandatory minimum sentence we expressly ordered it to impose can hardly be considered erroneous.
 
 
 8
 Accordingly, Ellis's fifteen-year sentence as an armed career criminal is
 
 
 9
 AFFIRMED.